H. J. MORELAND V. WILLIAM P. LESLIE, CHIEF JUSTICE ET AL.

No. 8016. Decided December 16, 1942.
(166 S. W., 2d Series, 902.)

*McMahon, Springer & Smart* and *Carl P. Springer,* all of Abilene, for petitioner.

No brief on file for respondents.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the Court.

This is an application by H. J. Moreland for a writ of mandamus to compel the Court of Civil Appeals at Eastland to certify the following question of venue:

"In order to hold venue under subdivision 9 and 29a of Article 1995, where suit is brought against two persons for joint and several judgment for damages, on the theory that a trespass has been committed, is it necessary for plaintiff to allege in his controverting affidavit and prove on the hearing that the person alleged to be the agent of the other is in fact the agent and acting within the scope of his authority?"

Hawley Independent School District sued Moreland, Harber and Edins in Jones County for damages sustained in a collision between a school bus owned and operated by it and a truck owned by Moreland and Harber but operated by Edins. The collision occurred in Jones County. All defendants resided in Taylor County. Edins answered on the merits. Harber filed a plea of privilege to be sued in Taylor County, and when it was sustained he was dismissed from the suit. Moreland plead a similar plea, which was controverted. After a hearing, it was overruled. The Court of Civil Appeals sustained the order of the trial court, Justice Funderburk dissenting. Moreland v. Hawley Independent School District, 163 S. W. (2d), pp. 892-901. Two grounds urged there for reversal of the trial court's judgment were (1) that there was no evidence that Edins, driver of the truck, was the agent of Moreland; (2) there was no evidence that in driving the truck he was acting within the scope of his authority. As to the factual basis for these contentions, the Court of Civil Appeals said, "There was evidence that the truck was owned by H. J. Moreland; but there was no other competent evidence of any probative value upon said issues. There was no evidence that Joe Edins in driving the truck was performing any service for the owner. *There was no evidence that he was an employee of Moreland. There was, therefore, of course, no evidence that if he was an agent or employee he was acting within the scope of his employment.*" (Italics ours.)

■ Under those facts, the opinion of the Court of Civil Appeals is in direct conflict with its own prior unanimous decision in Longhorn Drilling Corporation v. Padilla, 138 S. W. (2d) 164, whch declares, in clear and unambiguous language, that "In order for plaintiff to bring her case within exceptions 9 and 23 of Art. 1995, it was incumbent upon plaintiff to discharge the burden of proof resting upon her to establish not only that a trespass was committed in Nueces County (subd. 9) and not only that a part of her cause of action against the defendant corporation arose in Nueces County (subd. 23), but *he was further required to establish,* under the circumstances of this case, that the truck which struck her child was owned by defendant, *that its driver was an agent of defendant, and that such driver was acting within the scope of his employment at the time.*" (Italics ours.)

■ Moreover, that case was cited with approval in Brown Express, Inc., v. Arnold et ux, 138 Texas 70, 157 S. W. (2d) 138, wherein we said, "Under Sub. 9, of Art. 1995, supra, a nonresident defendant cannot be sued outside the county of his residence unless he has participated in the trespass in the county where the suit is filed. * * Obviously, if Brown Express, Inc., committed a trespass in Comal County against Arnold it did so only because of some positive act committed by Walker. It is equally true that no positive act of Walker's could be regarded as that of Brown Express, Inc., unless in committing the same he was acting in the course of his employment by it. * * To sustain venue in this case on the ground of trespass certainly the plaintiff would have to show (1) that the act of Walker constituted a trespass; (2) that he was the agent of Brown Express, Inc., and (3) that when he committed it he was acting in the course of his employment as such agent."

■ Brown Express, Inc., v. Arnold et ux, supra, is but an application of the principal theretofore stated in Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91, wherein this Court plainly said that a plea of privilege under said Art. 1995 is good unless the plaintiff shall both *plead and prove the facts* relied upon to bring his case within one of the exceptions to that statute, as prescribed by Art. 2007, R. S. 1925; that when venue is claimed outside the county of the defendant's residence under a given exception, *the language of that exception must be looked to to determine what facts must be pleaded and*

*proved to maintain the venue so claimed.* Specifically, we held that when it is asserted that a defendant is suable outside the county of his residence on the ground that he has committed a trespass in the county of the forum, *proof of the commission of the trespass is as essential as is proof of the place where it was committed.*

The principle stated in Compton v. Elliott, supra, had already been announced, in effect, by this Court in Coalson v. Holmes, 111 Texas, 502, 240 S. W., 896, when Justice Greenwood wrote that, in order to sustain venue under the exception described in subdivision 7, the plaintiff, in proving that fraud was committed by the defendant in the county of the forum, must prove all its elements.

Stockyards Natl. Bk. v. Maples, 127 Texas 633, 95 S. W. (2d) 1300, in no wise conflicts with the holdings in the cases we have reviewed. There the venue in the county of the forum was asserted under subdivision 4, of Art. 1995, providing that if two or more defendants reside in different counties suit may be brought in the county where one of the defendants resides. This Court held that in order to sustain venue the plaintiff was required to prove by affirmative evidence: (1) that one defendant resided in the county of the forum and (2) that he had a cause of action against such defendant. Then it was said that the reference to "two or more defendants" means a *proper* suit against two or more defendants, that is, a suit in which the defendants are *properly* joined, which fact, in the nature of things, can best be determined by reference to the plaintiff's petition. However, the requirement that a cause of action against the resident defendant must be proved was clearly recognized as having been engrafted onto the statute by judicial construction because of the decision in Richardson v. D. S. Cage Company, 113 Texas, 152, 252 S. W. 747, and many Courts of Civil Appeals cases following it. And we expressly decline to extend that holding to require proof of a cause of action also against a nonresident defendant, for the obvious reason that such is *not a venue fact under subdivision 4, supra.* So. Stockyards Natl. Bk. v. Maples, supra, has never been authority for holding that the petition may be used to prove the venue facts under any other subdivision of Art. 1995.

It is an elementary principle that before one person can be held responsible for the acts of another, in the absence of spe-

cial circumstances, it must appear that the latter was the agent of the former and was acting in the scope of his employment in doing what he did. It is not claimed that Moreland personally ran the truck into respondent's bus. Edins was the actor. Hence, Moreland cannot be said to have "committed a trespass" in Jones County until it is shown that Edins was his agent and acting within the scope of that agency when he suffered the truck to collide with the bus.

We have this day held, in Tarrant et vir v. Daniel Walker, Chief Justice, et al, 140 Texas 249, 166 S. W. (2d) 900, that subdivision 29a, Art. 1995, supra, cannot operate to fix venue in Jones County as to Moreland, because he is not a necessary party to the suit. However, if he were such a party, it would still be necessary to make proof in line with this opinion before he could be held for trial there in the fact of his plea of privilege.

Again, therefore, as in Brown Express, Inc., v. Arnold et ux, supra, we answer "yes" to the question petitioner seeks to have certified.

It follows that the application is granted as prayed and the writ of mandamus will issue unless the Court of Civil Appeals conforms its decision to ours. Rule 475, Vernon's Tex. Civ. Procedure.

Opinion adopted by the Supreme Court December 16, 1942.