## LANHAM v. LANHAM et al.
### No. 2547.

Court of Civil Appeals of Texas.
Tenth District.
Nov. 4, 1943.

Bouldin & Bouldin, of Mineral Wells, for appellant.

Ritchie & Ritchie, of Mineral Wells, and Crenshaw, Dupree & Milam, of Lubbock, for appellees.

RICE, Chief Justice.

The District Court of Palo Pinto County entered an order in this cause overruling the plea of privilege of Mrs. J. S. Lanham, herein styled defendant, to be sued in Lubbock County, and denying the application of F. H. Lanham, herein styled plaintiff, for a temporary injunction. Both parties have appealed.

Plaintiff brought this suit in the District Court of Palo Pinto County, Texas, against the above-named defendant and John Edmonson, in his official capacity as Sheriff of said county, and in his original petition prayed for a restraining order; for a temporary injunction, after notice; and a perpetual injunction upon final hearing, as against both defendants, to prevent the wrongful sale, under execution, of plaintiff's undivided interest in a tract of 600 acres of land situate in Palo Pinto County, on the grounds that said real property was not subject to forced sale because: (1) the same was defendant's homestead; and (2) administration was pending on the estate of W. S. Lanham, deceased, the father of plaintiff, and said tract of land was the property of said estate.

The trial judge issued the restraining order as prayed for and in said order fixed the date for the hearing on the application for a temporary injunction.

Mrs. J. S. Lanham timely filed her plea of privilege to be sued in Lubbock County, and plaintiff filed his controverting affidavit.

It was agreed by the parties that the evidence adduced upon the hearing on the plea of privilege would be the evidence, and all the evidence, submitted to and considered by the court on the hearing for temporary injunction.

The only evidence adduced on the hearing had on the plea of privilege was: (1) The plaintiff introduced, over the objection of the defendant, his petition for restraining order and injunction, together with the restraining order and writ issued thereon; (2) the testimony of plaintiff; and (3) the testimony of the Deputy Sheriff of Palo Pinto County.

We infer from the transcript on file that the court, after hearing the evidence adduced on the hearing on the plea of privilege, took under advisement the issues of fact, as well as of law, raised by the pleadings of the parties and the evidence introduced, in respect to the plea of privilege of defendant, as well as to defendant's application for a temporary injunction. On December 8, 1942, the court entered the order in this cause upon which this

appeal is predicated, wherein he overruled Mrs. Lanham's plea of privilege, and refused to grant the temporary injunction sought by plaintiff.

The object of the suit was to enjoin a sale under execution of land situate in Palo Pinto County; there was no attack on the validity of the money judgment under which said execution was issued nor on the execution itself. The sole grounds relied upon by plaintiff as entitling him to the relief prayed for were: (1) the property levied on was the homestead of plaintiff; (2) the property levied on was the property of his father's estate, administration of which was then pending, and therefore said property was in custodia legis and the administration of said estate would be interfered with by the proposed sale.

Since the validity of Mrs. Lanham's money judgment against plaintiff was not attacked, neither Article 4656 nor Article 1955, subdivision 17, Revised Civil Statutes, are applicable. Fannin County Bank v. Lowenstein, Tex.Civ.App., 54 S.W. 316; Van Ratcliff v. Call, 72 Tex. 491, 10 S.W. 578; Leachman v. Capps, 89 Tex. 690, 36 S.W. 250.

To maintain venue of this cause in Palo Pinto County as against the nonresident defendant Mrs. Lanham, plaintiff relies upon subdivision 4 of Article 1995, which provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

■ The rule in this state is that when a plaintiff relies upon subdivision 4 of Article 1995 to maintain a suit against two or more defendants in a county where one of the defendants resides, it is incumbent upon him to allege a cause of action against both defendants, and to prove a cause of action against the resident defendant, the liability in such instance being a joint one, or so closely connected as to be properly joined in one suit. Caprito v. Weaver, Tex.Civ.App., 77 S.W.2d 595; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Moreland v. Leslie, C. J., 140 Tex. 170, 166 S.W.2d 902, pages 903, 904.

Therefore, it was necessary for plaintiff to establish, in order to maintain venue in Palo Pinto County, one of the causes of action on which he relied, that is, either: (1) that the property levied upon was his homestead; or (2) that such property formed part of the assets of his father's estate, upon which administration was then pending, and that the sale of plaintiff's interest in said land would interfere with the orderly administration of said estate.

The trial court made no express findings of fact. In order that he might reach the conclusion that the law and facts in evidence were with the plaintiff, and that defendant's plea of privilege should be overruled, it was necessary that he impliedly find the truth or existence of one or both of the foregoing essential venue facts upon which alone plaintiff's cause of action was predicated; that is (1) that the property was the homestead of plaintiff; (2) that the sale of the land here involved would interfere with the orderly administration of plaintiff's father's estate. Unless the court did so impliedly find, he would, of necessity, have been forced to sustain the plea of privilege, because in such event plaintiff would have failed in establishing one of the essential venue facts under subdivision 4, that is a cause of action against the resident defendant.

However, if the court did so impliedly find as to one of the essential venue facts above set forth, then on such finding, and as a matter of law, plaintiff would have been entitled to an order granting him the temporary injunction prayed for.

■ In the absence of any express finding by the trial court, made in connection with either of the orders above mentioned, and with the implied findings of the trial court which were necessary to support the two orders rendered by him being in irreconcilable conflict one with the other, we are left in a dilemma as to whether the trial court found the existence of the necessary venue facts on the hearing of the plea of privilege, and correctly applied the law to such facts, in which case he should of necessity have granted the temporary injunction; or whether the trial court found that the plaintiff had not established the existence of the necessary venue facts, as hereinabove stated, and made a mistake in his application of the law when he overruled the plea of privilege.

In view of the holding of our Supreme Court in the case of Wallace v. First National Bank, 120 Tex. 92, 35 S.W.2d 1036, we cannot say there was no evidence that

the property here involved was the homestead of plaintiff.

For the reasons above expressed, the judgment of the trial court is reversed and remanded.