**MONTFORT v. BAUMHARDT et al.**

**No. 15215.**

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 23, 1951.

Walter Nelson, Jr., of Wichita Falls, for appellant.

Allen, Locke & Kouri, of Wichita Falls, for appellees.

McDONALD, Chief Justice.

The suit is to recover damages arising out of a collision between an automobile alleged to have been driven by appellant and a bicycle on which three boys were riding. The collision occurred in Archer County. Appellant filed a plea of privilege to remove the suit to the county of his residence. The trial court, without a jury, overruled the plea. Appellant's contention on appeal, briefly stated, is that there is no proof in the record to show that he was driving the automobile which struck the bicycle.

Only two witnesses testified at the venue hearing. They were Mrs. Campbell, mother of one of the boys on the bicycle, and Mrs. Baumhardt, mother of the other two boys. The following summary shows all of the testimony of Mrs. Campbell relating to the identity of the driver of the car which struck the bicycle.

After testifying that she and some children were walking along the shoulder of the road, and that the three boys were riding on the bicycle a short distance ahead of her, she testified that a car passed her and the children, traveling in the same direction in which she and the children were traveling, and that there was another car a block and a half or two blocks behind the first car. She then said that the next car passed, and said that it was the one that hit the boys. She was asked, "That one driven by Kenneth Montfort?" and replied, "Yes, sir." She was asked, "This car driven by Kenneth Montfort. Did you see it when it passed you?" and answered in the affirmative. Shortly afterward she was asked, "Could you tell the Court how fast the car was driving that Mr. Montfort was driving at the time it passed you there?" Several more times during the direct examination reference was made, either in question or in answer, to the Montfort car. On cross-examination, appellant's counsel asked the question, "You say that the car of Montfort's turned to the right off of the highway—paved portion of the highway?" Later in the cross-examination she was asked if the other car, above referred to, "passed the car that was being driven by Montfort? Still another question was asked in somewhat the same language.

During the course of her testimony, Mrs. Campbell said that she did not talk to Montfort at the scene of the collision, that she had not talked to him since, and that she did not know what he looked like. Her testimony covers more than thirty pages in the statement of facts. There is nothing in Mrs. Baumhardt's testimony to show who was driving the car that hit the bicycle.

■ A part of the burden resting upon appellees, under the allegation that appellant was driving the car, was to prove such fact. Appellant contends that Mrs. Campbell's testimony shows on its face that she did not know who was driving the car, and that her testimony was necessarily hearsay. Citing Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, appellant says that incompetent testimony can never form the basis of a finding of fact in an appellate court, notwithstanding its presence in the record, without objection. He says that the naked or unsupported conclusion of a witness will not support a finding of fact.

■ From the testimony as a whole, from the lack of any objection to Mrs. Campbell's testimony, and from questions

of appellant's counsel which referred .to the car 'driven by Montfort and to Montfort's car, the conclusion may reasonably be drawn that the identity of the driver of the car which struck the bicycle, although put in issue by the pleadings, was actually not a matter in contest at the hearing, and that both parties tried the venue issue on the theory that there was in fact no contest as to the identity of the driver of the car. Appellant was frequently referred to as the driver of the car in the questions of counsel for both sides, and. in the answers of the witness, yet he offered no proof to the contrary. Under the circumstances described, very slight proof is sufficient to support the finding implied by the judgment of the trial court.

Judgment affirmed.