## VAUGHAN v. KENDRICK.
### No. 3079.

Court of Civil Appeals of Texas.
Eastland.
Feb. 26, 1954.

Smith, Eplen, Bickley & Pope, Abilene, for appellant.

Carl P. Hulsey, Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

LONG, Justice.

Roy Kendrick instituted this suit against E. E. Vaughan for damages alleged to have been sustained in an automobile accident. Vaughan filed a plea of privilege to be sued in Runnels County, the county of his residence. Kendrick sought to hold venue in Taylor County under Subdivision 9 of Article 1995, Vernon's Annotated Revised Civil Statutes. Upon a hearing, the trial court overruled the plea of privilege, to which Vaughan excepted and gave notice of appeal.

■ Appellant asserts that appellee failed to prove that (1) appellant committed a crime, offense or trespass in Taylor County; (2) that the driver of appellant's truck was in fact an agent of appellant; (3) that such driver was acting in the course of his employment. (4) Appellant further complains of the action of the trial court in admitting, over his objection, the statement of Fisher, the alleged driver of appellant's truck, to the Highway Patrolman. We believe the evidence is sufficient to show that the driver of the truck committed a trespass in Taylor County. However, we believe the evidence is insufficient to show that the driver of the truck was the agent of appellant and acting in the course of his employment.

The evidence discloses that appellee and his wife were driving in their car from their home in Tuscola to Abilene and that a truck owned by appellant, without warning, turned immediately in front of appellee's car, thereby causing Mrs. Kendrick, who was driving, to lose control of the car which resulted in the automobile overturning and as a result of which appellee and his wife sustained serious injuries and their car was practically destroyed. There is evidence that appellant was engaged in the butane business at Winters. Mrs. Kendrick testified that the truck was a "gasoline" truck. We deem it unnecessary to pass upon whether the evidence of the Highway Patrolman as to a conversation he had with Fisher immediately after the accident was admissible. Mr. Jacob, the Highway Patrolman who arrived at the scene of the accident shortly after it happened, testified that he had a conversation with a man who told him his name was Fisher and that he was the driver of the truck and that the truck belonged to Mr. Vaughan. The evidence does not fix the exact time of the conversation. Conceding that such evidence is admissible, we still think it falls short of meeting the requirements of the law. Appellee relies upon the fact that there was a sign on the truck indicating that it belonged to appel-

lant. We believe the evidence is not sufficient to show that there was such a sign on the truck. The Highway Patrolman testified that he could not say whether there was a sign on the truck or not but that he thought that Vaughan's name was on it. Then, upon further examination, he testified that he could not remember whether there was a sign on the truck or not.

 To sustain venue in Taylor County, it was incumbent upon appellee to show (1) that the act of Fisher constituted a trespass; (2) that he was the agent of appellant Vaughan; (3) that when he committed the trespass he was acting in the course of his employment of such agent. There is evidence that Vaughan owned the truck. There is no evidence that Fisher was an employee of Vaughan and acting in the course of his employment. If the truck was loaded, there is no evidence as to what the cargo was. It cannot be said that Vaughan committed a trespass in Taylor County until it is shown that Fisher was his agent and acting within the scope of that agency when the accident occurred. Brown Express, Inc., v. Arnold, 138 Tex. 70, 157 S.W.2d 138; Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902.

▇ We believe the evidence is sufficient to show that appellant was the owner of the truck which caused the accident but it is insufficient to show that the driver of the truck was an employee of appellant and acting within the scope of his employment. Our Supreme Court, in Moreland v. Leslie, supra, quoted with approval the following statement from an opinion by Judge Grissom of this Court in Longhorn Drilling Corporation v. Padilla, 138 S.W.2d 164:

> "In order for plaintiff to bring her case within exceptions 9 and 23 of Art. 1995, it was incumbent upon plaintiff to discharge the burden of proof resting upon her to establish not only that a trespass was committed in Nueces County (subd. 9) and not only that a part of her cause of action against the defendant corporation arose in Nueces County (subd. 23), but

she was further required to establish, under the circumstances of this case, that the truck which struck her child was owned by defendant, that its driver was an agent of defendant, and that such driver was acting within the scope of his employment at the time." [140 Tex. 170, 166 S.W.2d 903.]

The judgment of the trial court is reversed. The case not having been fully developed, it is, therefore, remanded to the trial court for a new trial upon the plea of privilege.

Reversed and remanded.