Dudley H. DOUGLAS et al., Appellants,

v.

Irene CONSTABLE, Appellee.

No. 5010.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 23, 1954.

Rehearing Denied Jan. 19, 1955.

Keith, Mehaffey & McNicholas, Beaumont, for appellants.

Stephenson & Stephenson, Orange, for appellee.

ANDERSON, Justice.

Standard Brass & Manufacturing Company, a private corporation, has appealed from an order of the District Court of Orange County overruling its plea of privilege to be sued in Jefferson County, the county of its domicile.

The appellant was joined as a defendant with Dudley H. Douglas in a suit for damages for personal injuries sustained by appellee in Orange County on August 11, 1951, when she was struck by an automobile driven by Douglas, who is alleged to have been then an employee of appellant, acting within the course and scope of his employment. Negligent operation of the automobile, and that such negligence was a proximate cause of appellee's injuries, was charged as the basis of liability.

Pleading both that a trespass was committed against her in Orange County and that her cause of action against appellant arose in that county, and also that appellant is a necessary party defendant along with Douglas (who is alleged to be a nonresident of the state), appellee sought to fix venue in Orange County under subdivisions 9, 23, and 29a of Article 1995, Vernon's Annotated Civil Statutes.

■ We think subdivision 29a inapplicable in the circumstances. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900. And it is not necessary that we concern ourselves with whether subdivision 9 is applicable, because, in view of appellant's corporate status, subdivision 23 applies if 9 would. In other words it is not necessary that we determine whether the evidence is sufficient to show active negligence so as to constitute a trespass within contemplation of subdivision 9, but only whether it is sufficient, prima facie, to prove that appellee has a cause of action against appellant that arose, or a part of which arose, in Orange County. And, since it was stipulated in the trial court that the matters giving rise to the suit occurred in Orange County, and the sufficiency of the evidence to support a finding that at the time of the mishap the defendant Douglas was appellant's employee and acting within the course and scope of his employment has not been challenged on appeal, our field of inquiry is narrowed to the question of whether under the pleadings the evidence is legally sufficient to prove, prima facie, that Douglas was guilty of some act of negligence that was a proximate cause of appellee's injuries.

■ In resolving this question we shall have to construe the evidence most favorably to the trial court's judgment, because the hearing was to the court and no findings of fact nor conclusions of law were either requested or filed.

The mishap occurred a few miles west of Orange, on the north shoulder of the public highway that connects Orange and Beaumont. Both appellee and the automobile were completely off the pavement at the moment of impact. The appellee, who was trying to catch a ride to Beaumont, had been standing some three to five feet north of the north edge of the pavement as the

automobile approached, but in an effort to get out of the automobile's way she had retreated a few more feet before she was struck.

At the moment of impact, she was some six to ten feet from the edge of the pavement, according to Douglas' estimate.

Douglas approached from the east, driving, he said, at a speed of between fifty-five and sixty miles per hour. By his own admission, when still some four hundred feet from appellee, he saw her and began to pay particular attention to her. He said, however, that another automobile was approaching from the west, and that when it was within about one hundred feet of his own it suddenly turned part way into his traffic lane, getting about half its width over the center line. He did not then immediately apply the brakes on his car but continued on an estimated additional fifty feet before doing so. Then, according to his further testimony, in an effort to avoid striking either the other automobile or the appellee, he turned his own automobile off the pavement and toward the ditch. When he did, the front end of his car struck appellee.

Just where, relative to appellee's position on the highway, Douglas' drove off the pavement is uncertain. The only evidence shedding light on the subject is his estimate of how far his car went after leaving the pavement and after striking appellee before coming to a stop. He estimated the former distance at "sixty or seventy-five feet, maybe eighty feet," and the latter at sixty or seventy-five feet.

■ The evidence thus shows that, with knowledge of appellee's presence on the side of the highway, and when quite close to her, the defendant Douglas, without warning and while driving rapidly, suddenly turned his automobile off the paved portion of the highway and toward appellee, with the result that the automobile struck and injured the latter. This state of facts, standing alone, is sufficient to support a finding that in driving off the pavement and striking appellee the defend-

ant Douglas was guilty of negligence which was a proximate cause of appellee's injuries. However, the evidence which appellee herself introduced tending to show that Douglas' conduct resulted from his having been suddenly and unexpectedly confronted with a perilous situation makes it necessary for us to determine whether such evidence established as a matter of law that Douglas was in fact confronted with such a situation as in law excuses his conduct or exonerates him from what would otherwise be its consequences.

■ Without speculating on whether the trial court was at liberty in the circumstances to disregrad the testimony of Douglas because of his interest, we have concluded that the evidence did not establish as a matter of law the existence of such a situation. The movements of the automobile which is supposed to have created the emergency were not accounted for beyond its initial partial entry into the traffic lane occupied by Douglas; for all that appears, it may have either stopped immediately or returned altogether to its own proper side of the road. Douglas obviously did not consider that this initial entry called for immediate action on his part, for he did not immediately change direction or even apply his brakes, but advanced an additional fifty feet before doing either. If he was finally confronted with a perilous situation, it can hardly be said as a matter of law that he should not have foreseen it or that his own negligence in not sooner applying his brakes did not contribute to bringing it about. In order to constitute an emergency of the kind here contemplated the condition relied on must arise suddenly and unexpectedly, must call for immediate action, leaving no time for deliberation, and must not be proximately caused by the negligence of the one who seeks to avail himself of it. Dr. Pepper Bottling Co. v. Rainboldt, Tex.Civ. App., 66 S.W.2d 496, 501; Schroeder v. Rainboldt, 128 Tex. 269, 97 S.W.2d 679, 684; Anding v. Queener, Tex.Civ.App., 138 S.W.2d 126. The evidence does not conclusively establish these various elements, and the trial court was at liberty to conclude that no emergency, within contem-

plation of law, confronted the defendant Douglas.

We conclude, therefore, that the evidence was sufficient, prima facie, to show that appellee has a cause of action against appellant, and that it arose in Orange County. The judgment of the trial court is accordingly affirmed.