**TEXAS WESTERN SECURITIES, Inc.,**
**Appellant,**

v.

**Mary Sue HARRINGTON et al., Appellees.**

No. 7024.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 19, 1957.

Rehearing Denied Dec. 17, 1957.

Upton, Upton, Baker & Griffis, San Angelo, L. F. Burke, Longview, for appellant.

H. M. Harrington, Jr., Longview, for appellees.

FANNING, Justice.

This is an appeal by Texas Western Securities, Inc., a corporation, from an order overruling its plea of privilege.

Mary Sue Harrington and Nancy Kay Harrington, residents of Gregg County, Texas, sued W. S. Powers (who filed a plea of privilege to be sued in Harris County, Texas), together with North American Union Life Insurance Company, a corporation, and Texas Western Securities, Inc., a corporation, which defendant corporations filed pleas of privilege to be sued in Tom Green County, Texas. Plaintiffs alleged that Powers, acting for his own benefit and as agent for the defendant corporations, had by certain fraudulent representations made in Gregg County, Texas, induced the plaintiffs to purchase 400 shares of stock of North American Union Life Insurance Company at $7 per share or a total of $2,800 when the stock in truth and in fact was worth less than $1 per share or approximately $1 per share.

The plea to be sued in Tom Green County, Texas, by Texas Western Securities, Inc., was seasonably filed and controverted on the ground that Powers acting for his own benefit and as agent for the defendant corporations had committed a fraud on the plaintiffs in Gregg County, Texas, within the meaning of Exception 7, Article 1995, Vernon's Tex.Civ.St. The plea of privilege of Texas Western Securities, Inc., was overruled and it has filed a separate appeal in this cause. The plea of privilege of Powers to be sued in Harris County, Texas, was overruled by the trial court, and separately appealed in cause No. 7030 of this Court. The judgment of the trial court in this cause, No. 7024, is affirmed. We have also this day in a separate opinion affirmed the judgment of the trial court in cause No. 7030, Powers v. Harrington, 308 S.W.2d 234, and we will refer to this cause later on in this opinion. The trial court sustained the plea of privi-

lege of the defendant North American Union Life Insurance Company to be sued in Tom Green County, Texas, and this judgment was separately appealed to this Court in cause No. 7022, which judgment of the trial court was this day also affirmed in a separate opinion of this Court.[1]

Appellant's first point reads as follows:

"The error of the Trial Court in overruling, and in not sustaining, Defendant's Plea of Privilege, since Plaintiffs failed to establish agency and that agent perpetrated actionable fraud in Gregg County upon Plaintiffs."

The only witness who testified in the case was H. M. Harrington, Jr., an attorney, and father of the two minors, who represents them. Appellees also offered certain documentary evidence and exhibits, some of which was admitted and some excluded as to certain defendants.

In cause No. 7030, this day decided, we held that the evidence was sufficient to show that W. S. Powers had committed a fraud against appellees in Gregg County, Texas, in representing that the assets of North American Union Life Insurance Company of approximately ⅓ of a million dollars were owned by only 45,000 shares of stock, when in truth and in fact, the assets were owned by over 400,000 shares of stock, and that this fraudulent representation on which appellees' funds were obtained was made in Gregg County, Texas, and that venue of the cause as to Powers was in Gregg County, Texas, under Exception 7 of Article 1995, Vernon's Tex.Civ.St. In this opinion we set out certain testimony and evidence in the case, which we will not copy here but refer to same for the sake of brevity.

The record shows that the two checks for $1,400 each were payable to the defendant Texas Western Securities, Inc., and the endorsement of Texas Western Securities, Inc., appears on the backs of the cancelled checks, which were paid. It thus clearly appears that Texas Western Securities, Inc., got the fruits of the fraud committed by Powers on the appellees. Also, Texas Western Securities, Inc., offered no testimony or explanations whatever upon the trial of the cause in the face of the evidence that they got the fruits of the fraud practiced by Powers.

The subscription contracts in question are also specifically addressed to the defendant Texas Western Securities, Inc., and also provides, "This contract is not binding until accepted by the home office of Texas Western Securities, Inc., in San Angelo, Texas." Plaintiffs' Exhibit 14 is a letter of transmittal dated the following day from Texas Western Securities, Inc., enclosing the stock certificates in question, which letter we quote from in part as follows:

"This is to acknowledge receipt of your orders and our acceptance for four hundred (400) shares of the original capital common voting stock of North American Union Life Insurance Company in the amount of $2,800.00. This is further to acknowledge receipt of your checks for $2,800.00, which is payment in full."

In 20 Tex.Jur., Fraud and Deceit, Sec. 64, it is stated:

"Fraud of an authorized agent will invalidate a contract procured thereby, and may render the principal liable also in damages, although the principal had no knowledge of the fraud and did not consent to it. But this rule applies only when the agent was acting within the scope of his authority or when the principal has otherwise rendered himself liable. In such case, in determining the liability of the principal for the damages actually suffered, it is imma-

terial whether the principal, if he made such representations, or his agent, if he made them, was aware of the falsity, or made the representations innocently, believing them to be true. * *"

In Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S.W. 1034, 1037, 258 S.W. 462, 51 A.L.R. 1, affirming, Tex.Civ. App., 238 S.W. 1030, it is said:

"While it is true that such agents sometimes depart from their instructions and exceed their authority in making representations, yet when they are acting within the apparent scope of their employment, when they do depart from their instructions and when they do falsify the facts, it is proper that their employer, who has put them before the world as his agent for the transaction of his business, should suffer from their dereliction, rather than the public who are preyed on."

We quote from 20 Tex.Jur., pp. 159 and 160 as follows:

"It (fraud) is not, in its nature, discernible by the direct evidence of the senses, and is usually so covert and concealed, or is attended with such attempts at concealment, as to be incapable of proof otherwise than by circumstantial or presumptive evidence. Its existence, in a given case, may be proved, either by intrinsic evidence of unfairness in the transaction itself, or by evidence of fact and circumstances attending it, which, by the ordinary tests by which we judge of the motives to action, appear inconsistent with an honest purpose. * * *

*"Conversely a person charged with fraudulent dealing may prove the attending facts in order to show that the entire transaction was open and free from misrepresentation or other invalidating influence. * * *"* (Italics ours.)

In 17 Tex.Jur., 306–308, it is stated:

"Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. The failure of a party to take advantage of an opportunity to explain inculpatory circumstances is evidence against him, and his failure to produce evidence in his possession which might have rebutted a presumption against him strengthens such presumption. Where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no testimony to controvert it; and when the proof tends to establish a fact, and at the same time discloses that it is within the power and the interest of the opposite party to disprove it, the silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force. * * *

"Generally the failure of a party to an action to testify raises a strong presumption against him, and his failure or refusal when testifying to disclose a fact exclusively within his knowledge, or to explain the transaction involved, though afforded the opportunity to do so, and the fact that he suppresses evidence or fails to disclose or state all of the facts within his knowledge, or that, when testifying, he fails to deny testimony of his adversary, raises a presumption or may be considered as a circumstance against him. * * *"

▆ The undisputed evidence in this case shows that Powers committed a fraud on appellees in Gregg County, Texas, that the fruits of the fraud, $2,800, were paid to Texas Western Securities, Inc., and that it transmitted the stock in question to appellees, that it offered no testimony in the

trial court as to its relation with its apparent and ostensible agent, Powers, and the records show no offer on its part to disgorge the fruits of the fraud received by it from its apparent and ostensible agent, Powers.

We hold that under the record in this case, and under the peculiar and unusual facts in this case, that the evidence was sufficient for the trial court to find that Powers was an agent of defendant Texas Western Securities, Inc., acting within the scope of his apparent authority when Powers committed a fraud upon appellees, in Gregg County, Texas, to appellees' damage, within the meaning of Exception No. 7, Article 1995, Vernon's Tex.Civ.St. In addition to the authorities cited above, see Chandler v. Butler, Tex.Civ.App., 284 S.W.2d 388. Appellant's first point is overruled.

Appellant by its 3rd, 4th and 6th points contends that the trial court erred in not sustaining its objections to the admission in evidence of plaintiff's exhibits Nos. 8, 9, 15 and 17. Appellant in its brief cites no authorities in support of its 3rd, 4th and 6th points. We hold that these points do not present error under this record and are respectfully overruled.

We also hold that appellant's points Nos. 2 and 5 complaining of the inadmissibility of certain evidence do not constitute reversible error in this cause inasmuch as the cause was tried before the court without a jury, and the matters complained of would have no effect upon the judgment of the trial court, as there was ample admissible evidence of probative force in the record to sustain the action of the trial court in overruling the plea of privilege of defendant, Texas Western Securities, Inc.

Finding no reversible error in the record, the judgment of the trial court is accordingly affirmed.