Mary Sue **HARRINGTON** et al., Appellants,

v.

**NORTH AMERICAN UNION LIFE INSURANCE COMPANY,** Appellee.

No. 7022.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 19, 1957.

Motion for Rehearing Denied Dec. 17, 1957.

Second Motion for Rehearing Denied Jan. 14, 1958.

**582**

H. M. Harrington, Jr., Longview, for appellants.

Upton, Upton, Baker & Griffis, San Angelo, L. F. Burke, Longview, for appellee.

FANNING, Justice.

This is an appeal by Mary Sue Harrington and Nancy Kay Harrington from an order sustaining the plea of privilege of North American Union Life Insurance Company to be sued in Tom Green County, Texas.

Mary Sue Harrington and Nancy Kay Harrington, residents of Gregg County Texas, sued W. S. Powers (who filed a plea of privilege to be sued in Harris County, Texas), together with North American Union Life Insurance Company, a corporation, and Texas Western Securities, Inc., a corporation, which defendant corporation also filed pleas of privilege to be sued in Tom Green County, Texas. Plaintiffs alleged that Powers, acting for his own benefit and as agent for the defendant corporations, had by certain fraudulent representations made in Gregg County, Texas, induced the plaintiffs to purchase 400 shares of stock of North American Union Life Insurance Company at $7 per share or a total of $2,800, when the stock in truth and in fact was worth less than $1 per share or approximately $1 per share.

The plea of North American Union Life Insurance Company was seasonably filed and controverted on the ground that Powers, acting for his own benefit and as agent for the defendant corporation, had committed a fraud on the plaintiffs in Gregg County, Texas, within the meaning of Exception No. 7, Article 1995, Vernon's Texas Civ.St. The plea of privilege of North American Union Life Insurance Company was sustained and Mary Sue Harrington and Nancy Kay Harrington have filed a separate appeal in this cause, No. 7022.

We have this day affirmed in cause No. 7030, Powers v. Harrington, Tex.Civ.App., 308 S.W.2d 234, the judgment of the trial court overruling W. S. Powers' plea of privilege to be sued in Harris County, Texas, and we have this day also affirmed in cause No. 7024, Texas Western Securities, Inc., v. Harrington, Tex.Civ.App., 308 S.W. 2d 237, the judgment of the trial court in overruling the plea of privilege of Texas Western Securities, Inc., to be sued in Tom Green County, Texas. The judgment of the trial court in this cause, No. 7022, is also affirmed.

Appellants' first point reads as follows:

"The Court should have overruled the plea of privilege of the appellee, North American Union Life Insurance Company, in keeping with subdivision 7 of Article 1995, providing for the venue of cases involving fraud to be tried in the county in which the fraud is committed."

In cause No. 7030 we held that the evidence was sufficient to show that Powers had committed a fraud against appellants in Gregg County, Texas, and affirmed the judgment of the trial court overruling Powers' plea of privilege. We refer to that case for a statement of the case. In cause No. 7024 we supplemented the facts stated in the Powers case (No. 7030), and pointed out that Texas Western Securities, Inc., got the fruits of Powers' fraud, with the checks in question being made payable to and were endorsed by Texas Western Securities, Inc., and pointed out other supplementary facts with reference to Texas Western Securities, Inc., and held that there was sufficient evidence of probative force in the record to support a finding by the trial court that Powers was an agent of Texas Western Securities, Inc., acting within the scope of his apparent authority when Powers committed a fraud upon appellees in Gregg County, Texas, and we affirmed the judgment of the trial court overruling the plea of privilege of Texas Western Securities, Inc. We refer to this case for a more detailed explanation of the situation of the defendant Texas Western Securities, Inc.

■ Here we have, however, a different situation. We have carefully examined this record and have reached the opinion that under this record the trial court was amply justified in holding that the proof was insufficient to show that Powers was an agent of North American Union Life Insurance Company, acting within the scope of his authority or apparent authority for said Company. The checks in question were not made payable to North American Union Life Insurance Company nor did such Company endorse same. The undisputed evidence shows that Texas Western Securities, Inc., got the fruits of the fraud committed by Powers. There is no proof in the record that North American Union Life Insurance Company got the fruits of Powers' fraud.

■ Powers' statement that he was an agent of said Insurance Company, and his presentation of his printed card was not competent evidence to prove that he was agent of the Insurance Company, and the trial court correctly excluded such evidence as against the Insurance Company.

■ The issuance of the stock certificates in question by the Insurance Company which were mailed by Texas Western Securities, Inc., to appellees, do not establish that Powers was agent of the Insurance Company with authority or apparent authority to make the representations that he made to appellees. Also, none of the letters from the Insurance Company, either admitted or excluded from the evidence in the case, established that Powers was an agent of the Insurance Company with authority or apparent authority to bind the Insurance Company. We have carefully reviewed all the evidence both admitted and excluded, and all of the circumstances in the case and are of the opinion that there was no evidence of sufficient probative force in the record to show that Powers was an agent of North American Union Life Insurance Company, with authority to bind such Insurance Company, and especially is this true since the record does not show that such Insurance Company received the fruits of the fraud, as the undisputed evidence shows that Texas Western Securities, Inc., got the fruits of the fraud.

Appellants' remaining points are deemed to be without merit and are respectfully overruled.

Finding no reversible error in the record, the judgment of the trial court is accordingly affirmed.

### On Motion for Rehearing.

We adhere to our holding that there was no evidence of sufficient probative force in the record to show that Powers was an authorized agent of North American Union Life Insurance Company and that appellants failed to sustain venue in Gregg County against said Insurance Company under subdiv. 7 of art. 1995, Vernon's Ann.Civ.St.

■ Appellants also vigorously contend that venue is maintainable in Gregg County, Texas, under subdiv. 29a of art. 1995, V.A.C.S., because they proved that Powers committed fraud in Gregg County, Texas, and because their petition *alleged* that Powers was the authorized agent of North American Union Life Insurance Company and *alleged* that said Insurance Company was a "necessary party." This contention is not well taken because the Insurance Company was not a necessary party as a matter of law under the following authorities: Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Douglas v. Constable, Tex.Civ.App., 274 S.W.2d 449, 450; York Supply Co. v. Dunigan Tool & Supply Co., Tex.Civ.App., 276 S.W.2d 317; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Pioneer Bldg. & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Moreland v. Hawley I. S. D., 140 Tex. 391, 168 S.W.2d 660.

In Tarrant v. Walker, supra [140 Tex. 249, 166 S.W.2d 901] it is stated:

"The Texas Company and Gunter are sued as joint tort-feasors. Ei-

ther defendant is liable for the damages suffered by Mrs. Tarrant, and she could have full satisfaction therefor by judgment and execution against either. All the relief to which the Tarrants are entitled *as against the Texas Company* can be so enforced in the district court of Polk County, under subdivision 23, Art. 1995, supra, without Gunter's presence as a defendant. Therefore, Gunter is not a necessary party to the suit within the meaning of subdivision 29a."

 Furthermore, even if North American Union Life Insurance Company had been a necessary party (which we hold it was not under the authorities cited above) it would have been necessary for appellants to sustain venue in Gregg County, Texas, against the Insurance Company to have made *proof* that Powers was an authorized agent of such Insurance Company. See the following authorities: Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902; Moreland v. Hawley I. S. D., 140 Tex. 391, 168 S.W.2d 660; York Supply Co. v. Dunigan Tool & Supply Co., Tex.Civ. App., 276 S.W.2d 317, and the numerous authorities cited and reviewed in Ladner v. Reliance Corp., Tex.Civ.App., 288 S.W. 2d 129. We quote from the opinion of the Supreme Court of Texas in Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902, 904, as follows:

"It is an elementary principle that before one person can be held responsible for the acts of another, in the absence of special circumstances, it must appear that the latter was the agent of the former and was acting in the scope of his employment in doing what he did. It is not claimed that Moreland personally ran the truck into respondent's bus. Edins was the actor. Hence, Moreland cannot be said to have 'committed a trespass' in Jones County until it is shown that Edins was his agent and acting within the scope of that agency when he suffered the truck to collide with the bus.

"We have this day held, in Tarrant et vir. v. Walker, Chief Justice, et al., [140 Tex. 249] 166 S.W.2d 900, that subdivision 29a, Art. 1995, supra, cannot operate to fix venue in Jones County as to Moreland, because he is not a necessary party to the suit. *However, if he were such a party, it would still be necessary to make proof in line with this opinion before he could be held for trial there in the face of his plea of privilege.*" (Italics ours.)

We adhere to our original ruling in this case affirming the judgment of the trial court in sustaining the plea of privilege of North American Union Life Insurance Company.

Appellants' motion for rehearing is respectfully overruled.