Roy Gerald **CARNES** et al., Appellants,

v.

Charles Richard **NELSON**, Appellee.

No. 815.

Court of Civil Appeals of Texas,
Tyler.

March 6, 1975.

Ramey, Flock, Hutchins, Grainger & Jeffus, Jack W. Flock, Michael A. Hatchell, Tyler, for appellants.

Ivan Alexander, Jr., Emory, Harold F. Curtis, Jr., Greenville, for appellee.

MOORE, Justice.

This is an appeal from an order overruling the defendants' pleas of privilege. Plaintiff, Charles R. Nelson, instituted this suit in the County Court of Rains County, Texas, against defendants, Roy Gerald Carnes and Neuhoff Brothers Packers, Inc., to recover property damages to his automobile sustained as a result of an automobile collision with defendant, Roy Gerald Carnes, in Rains County. Plaintiff alleged that Carnes was the operator of the vehicle with which he collided and was guilty of negligence proximately causing his damages. He further alleged that at the time of the collision Carnes was in the course and scope of employment for Neuhoff Brothers, and sought judgment against both defendants.

Carnes and Neuhoff Brothers both filed their pleas of privilege to be sued in the county of their residence, Dallas County. Plaintiff duly controverted the pleas of privilege alleging that Carnes was guilty of negligence occurring in Rains County. Plaintiff alleged that venue was properly laid in Rains County by reason of Subdivision 9a, Article 1995, Texas Ann.Civil Statutes, 1925, providing that a suit based upon negligence may be brought in the county where the negligence occurred. After a hearing before the court without the aid of a jury, the trial court overruled the plea of privilege of each defendant and both defendants appealed.

By their first point, defendants contend that the trial court erred in overruling the plea of privilege of Roy Gerald Carnes, because they contend that plaintiff failed to prove that the "Roy Gerald Carnes" sued by plaintiff and upon whom service of process was perfected was the same "Roy Carnes" plaintiff identified as the driver of the car which struck him. The point is without merit and is overruled.

In cases tried before the court without a jury, in absence of a point that the judgment is contrary to the overwhelming weight and preponderance of the evidence, the judgment must be affirmed if there is any supporting evidence of probative value, and only evidence which tends to support the judgment may be considered. Frazier v. Williams, 359 S.W.2d 213 (Tex.Civ.App., Eastland, 1962, n.w.h.); Patton v. Rogers, 417 S.W.2d 470, 472

(Tex.Civ.App., San Antonio, 1967, writ ref'd n.r.e.).

Plaintiff testified that he was personally acquainted with Roy Carnes, having sold him livestock on several occasions while Carnes was working for Neuhoff Brothers at their place of business in Dallas. He testified that after the collision he had a conversation with Carnes with regard to the accident. Plaintiff positively identified Roy Carnes as the driver of the other vehicle.

■ Defendants offered no evidence and concedes on this appeal that the evidence was sufficient to raise the issue of negligence occurring in Rains County. When viewed in a light most favorable to the judgment, we are of the opinion that plaintiff's testimony was of sufficient probative force to raise a fact issue upon the question of whether the driver of the other automobile was the same Roy Gerald Carnes who was sued and served with process in the present suit. Such proof is sufficient to support the finding implied by the judgment of the trial court. Montfort v. Barumhardt, 237 S.W.2d 1004 (Tex.Civ. App., Fort Worth, 1951, n.w.h.). Accordingly, we hold that venue of the cause of action asserted against defendant, Roy Gerald Carnes, was properly laid in Rains County.

By the second point, defendants contend that the trial court erred in overruling the Neuhoff Brothers' plea of privilege on the ground that the plaintiff failed to establish vicarious liability on the part of Neuhoff in that the proof fails to show that Carnes was an employee of the company or that he was acting in the course and scope of his employment at the time of the collision in question. We sustain this contention.

■ In order to sustain venue in Rains County as to the defendant, Neuhoff, plaintiff had the burden of not only proving that Carnes was an agent, servant or employee of Neuhoff, but also had the burden of proving that he was acting in the course and scope of his employment at the time of the collision. Brown Express, Inc. v. Arnold, 138 Tex. 70, 157 S.W.2d 138, 139 (1941); Vaughan v. Kendrick, 266 S. W.2d 202, 203 (Tex.Civ.App., Eastland, 1954, no writ).

■ The only evidence connecting Carnes with Neuhoff is to be found in the testimony of the plaintiff. He testified that on some undisclosed date prior to the suit, Carnes " * * * had been the buyer for Neuhoff at Neuhoff Brothers in Dallas * * *" and had purchased livestock from him. He further testified that the collision occurred on Highway 19 in Emory, Texas, near the Rains County Livestock Commission Company, where an auction sale was in progress. Other than the foregoing testimony, there is nothing in the record suggesting the existence of a master-servant relationship between Carnes and Neuhoff. Plaintiff argues that the foregoing testimony was sufficient to establish that Carnes was an employee of Neuhoff. He argues that Carnes was in the course and scope of his employment at the time of the accident because the evidence shows he was headed in the direction of the auction sale to buy livestock for Neuhoff. We do not agree with this contention. There is no proof to support this assumption. The fact that Carnes may have been employed by Neuhoff on some previous occasion does not constitute any proof that he was employed by Neuhoff on the date of the collision, nor does the fact that he happened to be travelling in the direction of a livestock auction sale constitute proof that he was engaged in the course and scope of his employment for Neuhoff. For this reason we. think the trial court erred in overruling the plea of privilege of Neuhoff Brothers. Accordingly, plaintiff's cause of action against Neuhoff Brothers Packers, Inc. is severed and ordered transferred to the County Court of Dallas County, Texas. In all other respects the judgment is affirmed.

Affirmed in part and reversed and rendered in part.