**Charles J. WISE, Appellant,**

v.

**Charles A. THOMPSON, Appellee.**

**No. 8333.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 31, 1976.

Robert Rolston, Traylor Russell Law Firm, Mt. Pleasant, for appellant.

Donald B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

RAY, Justice.

This is a venue case. Charles A. Thompson, appellee (plaintiff), filed suit in Bowie County against Billy Hargrove and appellant (defendant), Dr. Charles J. Wise. Wise filed his plea of privilege and requested that the suit against him be transferred to Morris County, the county of his residence. The trial court overruled the plea of privilege and it is from that order that Wise has appealed. Four points of error are submitted for our consideration.

Hargrove sold Appellee Thompson a 1970 Oldsmobile Toronado for the sum of $1,700.00 and delivered Thompson an odometer mileage statement indicating that the vehicle had traveled 36,030 miles. Thompson alleged that the mileage statement was false and that he had been defrauded by Hargrove. Thompson further alleged that Wise had traded the automobile in question to Eddie Robbins Motor Company and further that the odometer had been changed without Wise having attached to the left door frame a notice in writing specifying the mileage prior to the replacement of the odometer and the date that the odometer was repaired or replaced. Appellee contended that Appellant Wise violated the provisions of 15 U.S.C.A. Sec. 1987 (1974) and that by virtue of the fraud and violation of the statute, appellee alleged that he had been damaged.

Appellee Thompson was the only witness to testify at the hearing on the plea of privilege. It is the contention of the appellee that Tex.Rev.Civ.Stat.Ann. art. 1995, Subds. 4 and 7 (1964) established venue in Bowie County.

Appellant's point of error number one is sustained because appellee admits that Tex. Rev.Civ.Stat.Ann. art. 1995, Subd. 29a (1964) is not applicable.

Point of error number two is sustained. Appellee did not establish that Tex.Rev.Civ. Stat.Ann. art. 1995, Subd. 7 (1964) was applicable because he did not plead nor prove that Wise committed any fraud in Bowie County. Neither did appellee plead or

prove that someone committed fraud for whose actions Appellant Wise was legally responsible.

■ The burden to plead and prove that the case is within one of the exceptions to the general venue statute, Article 1995, supra, rests on the plaintiff. *Coalson v. Holmes*, 111 Tex. 502, 240 S.W. 896 (1922).

■ There is no evidence in the record that Dr. Wise had any contact with or made any representations of any kind to Appellee Thompson before Thompson purchased the vehicle. Appellee testified that Appellant Wise did not make any representations to him upon which he relied.

There was evidence that Hargrove executed an odometer mileage statement that may have been incorrect, but there is no testimony that Hargrove was in any way acting for Dr. Wise nor was there any testimony that Hargrove and Wise had ever even so much as communicated with each other. The Supreme Court in *Moreland v. Leslie*, 140 Tex. 170, 166 S.W.2d 902, 904 (1942), stated the following:

> "It is an elementary principle that before one person can be held responsible for the acts of another, in the absence of special circumstances, it must appear that the latter was the agent of the former and was acting in the scope of his employment in doing what he did."

See also *Harrington v. North American Union Life Ins. Co.*, 308 S.W.2d 580 (Tex.Civ. App. Texarkana 1957, mand. overruled).

There was no pleading or proof of any agency relationship or employer-employee relationship between Hargrove and Wise. In fact, Appellee Thompson alleged that Wise sold the automobile to Eddie Robbins Motor Company. However, there was no evidence introduced to support that allegation. The record is totally devoid of any evidence to establish that Dr. Wise made any false representations in Bowie County, or that he had or authorized any person to make any false statements for him, or that he had delivered the automobile to Bowie County or had any other business transactions in Bowie County.

There was no proof that the vehicle was worth less than the $1,700.00 paid for it. Further, there was no proof that the alleged excess mileage resulted in the malfunction of the automobile. Appellant's second point of error is sustained.

Appellant Wise states Tex.Rev.Civ.Stat. Ann. art. 1995, Subd. 4 (1964) is not applicable because: there was no evidence that appellee was damaged and further, appellee did not allege a joint cause of action against Hargrove and Wise nor did he allege a cause of action against Hargrove so intimately connected with the cause of action against Wise that they may be joined under the rule intended to avoid a multiplicity of suits.

■ In order to hold venue under Tex. Rev.Civ.Stat.Ann. art. 1995, Subd. 4 (1964), the plaintiff has the burden of: (1) proving that one defendant resides in the county of suit; (2) alleging in his petition a joint cause of action against the resident and non-resident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined together under the rule intended to avoid a multiplicity of suits; and (3) he must plead and prove that he has, in fact, a cause of action against the resident defendant. *H. Molsen & Co., Inc. v. Williamson*, 510 S.W.2d 366 (Tex.Civ.App. Dallas, 1974, no writ); *Cemco, Inc. v. World Wide Investors*, 487 S.W.2d 833 (Tex.Civ. App. Waco 1972, no writ).

■ In order for appellee to have proved a cause of action based upon fraud against the resident defendant, Hargrove, appellee had to prove by a preponderance of the evidence that appellee suffered actual damage as a result of relying upon the false representations of Hargrove. 1 McDonald's, Texas Civil Practice, Sec. 4.13, pp. 465, 466; *Sanders v. Select Insurance Company*, 406 S.W.2d 937 (Tex.Civ.App. Dallas 1966, no writ).

■ We have examined the record very carefully and find no evidence of probative value that Appellee Thompson has been

damaged as a result of the false representation of Hargrove. Excluding all hearsay testimony, there was no evidence that the repairs to the automobile were covered by any warranty, assuming that the necessity for repairs had occurred before five years or fifty thousand miles. There was no evidence that the automobile had more mileage on it than the mileage represented by Hargrove. The evidence that might possibly refute that fact was all hearsay testimony. There was no evidence that the automobile was worth less than the price paid for it. There was no admissible testimony to relate the repair work to any misrepresentation on the part of Hargrove. And as previously stated, assuming that the vehicle had in excess of fifty thousand miles on it, there was no evidence that the repairs were necessary as a result of any extra mileage.

Appellee Thompson did not plead a joint cause of action against the resident defendant Hargrove and Appellant Wise based upon fraud. There was no evidence that Appellant Wise sold the automobile to Hargrove or made any representations to Hargrove or had any contact with Hargrove. The only cause of action alleged against Wise is that when the odometer on the automobile was changed, Wise failed to attach to the left door frame notification specifying the mileage prior to repair or replacement of the odometer and that such action was in violation of 15 U.S.C.A. Sec. 1987. These allegations do not grow out of the same transaction as the alleged fraud committed by defendant Hargrove, nor is it in any way intimately connected with the fraud alleged against Hargrove. The cause of action stated against the resident defendant is a common law action for fraud. The cause of action alleged against Appellant Wise is a violation of a federal statute. The action against Hargrove is a separate and distinct action from that alleged against Dr. Wise. The pleadings and proof do not show a joint cause of action against Hargrove and Wise nor a cause of action against Hargrove and Wise so intimately connected that the two defendants could have been joined under the rule intended to avoid a multiplicity of suits. 1 McDonald's,

Texas Civil Practice, Sec. 4.10.2(III), pp. 441, 444; *Fester v. Locke*, 285 S.W.2d 239 (Tex.Civ.App. Fort Worth 1955, no writ). Appellant's third point of error is sustained.

 Appellant's fourth point of error is as follows:

"The trial court erred in overruling Appellant's Plea of Privilege because Appellee did not prove that Appellant violated the provisions of Title 15, Section 1987, United States Code Annotated."

Appellant's fourth point of error is overruled. "The plaintiff is not required on the venue hearing to prove a bona fide claim against the nonresident defendant who has asserted his privilege, and evidence tending to disprove such a claim is inadmissible." 1 McDonald's, Texas Civil Practice, Sec. 4.10.-2, p. 443.

The judgment of the trial court is reversed and judgment is here rendered that the case, as it relates to Appellant Wise be transferred to Morris County.