**KELLEY et al. v. CENTRAL TEXAS BUS LINES, Inc.**

No. 3062.

Court of Civil Appeals of Texas. Waco.

Oct. 2, 1952.

Rehearing Denied Oct. 30, 1952.

Charles McGregor, W. C. Haley, Waco, for appellants.

Conway, Scharff & Walker, Waco, for appellee.

TIREY, Justice.

This is a plea of privilege case (non-jury). There was no request for findings of fact and conclusions of law and none filed. Nor is there a statement of facts. (This court must assume that the trial court had before it and passed upon all the facts necessary to authorize it to render judgment in the manner and form as rendered. See Mutual Inv. Corp. v. Hays, Tex.Com.App., 59 S.W.2d 97, pt. 1, p. 98. See also cases collated under Vol. 4 Texas Digest, Appeal and Error, ☞907 (2).

Appellants' sole point is: "The trial court erred in refusing to sustain plaintiff's motion to remove the suit as to both defendants, Jones & Laughlin Supply Company and C. J. Best, to Limestone County, Texas." A statement is necessary.

Appellants in their original petition brought this suit against The Central Texas Bus Lines, Inc., and James J. Messec for damages resulting in the death of Mr. and Mrs. Wallace Inderman, grounded on negligent conduct growing out of an automobile collision in Freestone County. (Appellants alleged that they were the beneficiaries of Mr. and Mrs. Inderman under the Death Statute, Vernon's Ann.Civ.St. art. 4671 et seq.). The defendants filed their original answers to appellants' petition on September 30, 1949. On January 5, 1950, appellants filed their first amended original petition in which they made parties the foregoing defendants and impleaded defendant, C. J. Best, a resident of Limestone

County, and Jones & Laughlin, a foreign corporation with license to do business in Texas, with its agent in the City of Dallas, Dallas County, Texas.

Appellants alleged that defendant Best was guilty of certain specific acts of negligence contributing to and proximately causing the accident and resulting injuries to appellants and at the time he was an agent of and in the employ of defendant Jones & Laughlin Supply Company and acting within the scope of his employment. Jones & Laughlin Supply Company filed its plea of privilege to be sued in Dallas County. C. J. Best filed his plea of privilege to be sued in Limestone County, and appellants seasonably controverted such pleas and averred that the District Court of McLennan County had venue against each of said defendants by virtue of subdivision 4 of Art. 1995, Vernon's Ann. Tex. Civ.Stats. Thereafter, the appellants filed their second amended original petition and thereafter filed their first amended controverting pleas to each of the above pleas of privilege. To each of these controverting pleas was attached a copy of appellants' second amended original petition, and said controverting pleas adopted the allegations in the amended pleading as a part of the controverting pleas. Appellants alleged that each of the defendants was guilty of certain negligent acts contributing or proximately contributing to cause the accident and specifically alleged that each of said negligent acts on the part of each of the defendants in concert with the negligent acts of each of the other defendants contributed or proximately contributed to cause the injuries suffered by them.

During the progress of the hearing the court indicated that it was going to sustain the pleas of privilege of each of the defendants Jones & Laughlin Supply Company and C. J. Best and transfer the cause as to each of them to the counties of their respective residences. Whereupon the appellants filed at motion to have the cause they alleged against the appellees Best and Jones & Laughlin Supply Company transferred to Limestone County, which motion the court overruled. The court then sustained the plea of privilege of Best and

transferred the cause as against him to the District Court of Limestone County, and found that the cause against Best is severable as against the suit filed against the other defendants in the cause. The court sustained the plea of privilege of Jones & Laughlin Supply Company and transferred the cause as against it to the District Court of Dallas County, and found that the suit against it is severable as against the other defendants. The court directed the clerk to make a transcript of all the pleadings and orders entered by the court and certify to the same as required by Rule 89, Texas Rules of Civil Procedure, and transmit them to the Clerk of the District Court of Limestone County and to the Clerk of the District Court of Dallas County, respectively. There was no exception taken to the order of the court sustaining the pleas of privilege in behalf of Best and Jones & Laughlin Supply Company, but appellants did except and perfect their appeal to the failure of the court to sustain their motion and transfer the cause of action against Jones & Laughlin Supply Company to the District Court of Limestone County, and this action of the court presents the only question here.

■ This court in Johnson v. First National Bank of Brenham, Tex.Civ.App., and Johnson v. Dublin Mill & Elevator Co., Tex.Civ.App., 42 S.W.2d 870, 871, speaking through the late Justice Alexander, announced this statement of the rule, which is still the law in Texas: "The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose plea is sustained." The foregoing rule was approved

by our Supreme Court in Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, opinion by Judge Smedley, Commissioner, and adopted by the Supreme Court, so the question here presented is: Is the cause of action which appellants allege against Jones & Laughlin Supply Company and C. J. Best and the other defendants severable or joint and several? We think it is.

■ This court in Standard Accident Insurance Co. v. Pennsylvania Car. Co., Tex.Civ., 15 S.W.2d 1081, 1083, speaking through the late Chief Justice Gallagher, said: "All parties responsible for the commission of a tort are severally as well as jointly liable for all damages resulting therefrom." This opinion was likewise cited with approval by our Supreme Court in Tunstill v. Scott, supra. See also Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, statement of rule p. 354. In the case at bar appellants' cause of action alleged against all defendants is based upon an alleged tort (and as alleged is severable), and such allegations bring the cause alleged within the last part of the rule announced by Justice Alexander in the Johnson case, supra.

But appellants contend that since they filed and presented their motion to transfer the cause against Jones & Laughlin Supply Company to Limestone County before the court actually entered the orders on the pleas of privilege of defendant Best and Jones & Laughlin Supply Company, that this cause comes within the rule found in 43 Tex.Jur. 876, sec. 130, and the decision of the Galveston County in Burgess v. Adams, Tex.Civ.App., 273 S.W. 343, and Spinnler v. Armstrong, Tex.Civ.App., 63 S.W.2d 1071, and Sherrod v. Ruud Mfg.

Co., Tex.Civ.App., 158 S.W.2d 351. We are not in accord with this view. The foregoing cases fall into one of two groups: (a) where the defendant is a foreign corporation that has not established a residence in Texas, as illustrated by the case of Reynolds-Kimberlin Oil Co. v. Perry, Tex.Civ.App., 80 S.W.2d 787, and such distinction is pointed out in Great Southern Life Ins. Co. v. Goerner, Tex.Civ.App., 106 S.W.2d 750, and in Sun Oil Co. v. Wright, Tex.Civ.App., 87 S.W.2d 524; or (b) cases in which an action as against the defendants is a joint action but not a joint and several action as in the case of Burgess v. Adams, supra; otherwise, the cases relied upon by appellants would be in conflict with the last provision of the rule announced by Justice Alexander. As we understand our decisions, the statement of the rule by the late Justice Alexander has not been overturned. See also Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, point 8. Our Supreme Court in Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900, disposed of the plea of privilege by application of the principle that the cause of action sued on was severable, although it did not specifically refer to the opinion of Justice Alexander in the Johnson case, supra, nor to its opinion in the Tunstill case, supra. The opinion in Tarrant v. Walker, supra, is clear and comprehensive, as are the opinions in the Johnson and Tunstill cases. Since the cause of action alleged in the appellants' amended pleading is severable, further comment here would be of no avail.

The judgment of the trial court is affirmed.

LESTER, J., not participating.