Nieves **SOLIS** et ux., Appellants,

v.

**MAGNOLIA PETROLEUM COMPANY,**
Appellee.

No. 3512.

Court of Civil Appeals of Texas.

Waco.

Nov. 14, 1957.

W. S. Barron, Iola Barron, Bryan, for appellants.

Roy L. Merrill, Charles B. Wallace, R. T. Wilkinson, Jr., Frank C. Bolton, Jr., Dallas, for appellee.

HALE, Justice.

This appeal grew out of a venue proceeding. Apellants sued appellee, Magnolia Petroleum Company, a corporation, and its employee, W. L. Stanford, in the District Court of Brazos County for damages on account of personal injuries resulting from an automobile collision alleged to have occurred in Robertson County. Magnolia Petroleum Company filed its plea of privi-

lege to be sued in Dallas County, and W. L. Stanford filed his separate plea of privilege to be sued in Robertson County. Appellants filed a controverting affidavit and motion based upon exception 9a of Art. 1995 of Vernon's Ann.Tex.Civ.Stats., alleging that the collision occurred in Robertson County, the county of Stanford's residence, and prayed for the following relief: "Wherefore, premises considered, plaintiffs agree that the plea of privilege filed by the co-defendant, William Lee Stanford, of Robertson County, Texas is good, and joins in the prayer of said co-defendant for this cause to be removed to the District Court of Robertson County, Texas, and that the plea of privilege filed by the Magnolia Petroleum Company for removal of said cause to Dallas County, Texas be denied." After a hearing on the issues raised by the pleadings, the court below sustained the pleas of privilege on behalf of both defendants, transferring the case against Magnolia Petroleum Company to Dallas County, and transferring the case against W. L. Stanford to Robertson County.

Appellants predicate their appeal upon the following point of error, viz.: "The collision made the basis of this suit occurred in Robertson County, Texas, the residence of the defendant, W. L. Stanford. It was error and an abuse of discretion for the Court to transfer the Cause of Action so far as the other defendant, Magnolia Petroleum Company, is concerned, to Dallas County, and not to transfer the entire case to Robertson County, Texas, (even though this case was filed in the wrong forum) for the reason that the Cause of Action as to both defendants arose from the same occurrence or transaction."

■■■ We think this court is bound by the doctrine of stare decisis to overrule appellants' point of error under our prior holding in the case of Kelley v. Central Texas Bus Lines, Inc., 252 S.W.2d 62. The cited case was a tort action against several defendants, one of whom resided in Limestone County and the other of whom had its agent in Dallas County. Both defend-

ants in that action filed a plea of privilege for the transfer of the case to their respective counties, and both pleas were granted. This court held on appeal that the transfers were proper, though the plaintiff, prior to rulings on the plea, had moved for transfer of the action to Limestone County as to both defendants. It is readily apparent that the alleged liability against Magnolia Petroleum Company and W. L. Stanford was a joint and several liability and it was the holding in the case of Kelley v. Central Texas Bus Lines, Inc., supra, that the alleged liability was joint and several. As said in that opinion: "All parties responsible for the commission of a tort are severally as well as jointly liable for all damages resulting therefrom."

■■■ In the case of Tunstill v. Scott, Tex.Com.App., 138 Tex. 425, 160 S.W.2d 65, 69, the court said:

"'The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose plea is sustained. * * * When a person files a proper plea of privilege setting out the county of his residence, and, upon hearing, the plea of privilege is sustained, the trial court must transfer the cause to the county of defendant's residence and none other', even though the plaintiff might have brought the suit originally in some other county under a subdivision of Article 1995." Great Southern Life Ins. Co. v. Goerner,

Austin, 1937, Tex.Civ.App., 106 S.W.2d 750.

See also Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; Phillips v. White, Tex.Civ. App., 272 S.W.2d 743; Walker v. Johnston, Tex.Civ.App., 236 S.W.2d 534.

Notwithstanding the able argument of counsel for appellants, it is our opinion that the judgment of the trial court must be affirmed, and it is accordingly so ordered.