**Stanley L. FRY et al., Appellants,**

v.

**Arturo ALANIZ et al., Appellees.**

**No. 13546.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1959.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellants.

Jack K. Pedigo, Corpus Christi, for appellees.

MURRAY, Chief Justice.

This is an appeal from an order overruling the plea of privilege of the defendants, Stanley L. Fry, O. A. McShan and Tom Yonker, individually and doing business as La Retama Drilling Company. Appellees have not favored us with a brief. Suit was filed in Nueces County against the above named defendants and Herbert W. Marburger. Plaintiffs' controverting plea alleged that defendant Herbert W. Marburger was a resident of Nueces County, and that venue lies in Nueces County by reason of Subdivisions 4, 9 and 9a of Article 1995 of the Vernon's Ann. Revised

Civil Statutes of Texas. The proof shows that O. A. McShan and Tom Yonker reside in Jim Wells County, Texas, and that Stanley L. Fry resides in San Patricio County, Texas. The trial court overruled the plea of privilege, and the defendants McShan, Yonker and Fry have prosecuted this appeal.

This suit was instituted in the District Court of Nueces County, Texas, by Arturo Alaniz, individually and as father and next friend of Maria and Zenon Alaniz, minors, and Mrs. Josephina Molina, against Fry, McShan and Yonker, individually and as partners under the firm style of La Retama Drilling Company, and Herbert W. Marburger, seeking to recover damages for personal injuries and death of Mrs. Ormelia M. Alaniz and Arturo Alaniz, Jr., caused by a collision between a Buick automobile driven by plaintiff Arturo Alaniz and a Chevrolet automobile driven by Herbert W. Marburger, and alleged to be owned by La Retama Drilling Company.

The collision occurred on June 16, 1957. The record shows that criminal charges of negligent homicide were filed against Marburger in Nueces County, in which county the collision occurred; that he pleaded not guilty but was found guilty. The following facts were clearly established by the pleadings and the evidence:

1. Marburger was a resident of Nueces County but the other defendants were not.

2. Marburger was driving an automobile registered in the name of the partnership, with the permission of the partnership, at the time the accident occurred, June 16, 1957, in Nueces County.

3. Marburger was not an employee of La Retama Drilling Company, nor was he engaged in any way in the business of La Retama Drilling Company at the time of the accident.

4. Marburger was charged with negligent homicide as a result of the accident but denied his guilt.

There is no evidence of any of the following:

1. There is no evidence of negligent entrustment by La Retama Drilling Company or any of its partners to Herbert W. Marburger.

2. There is no evidence, other than the criminal charge (which is not of probative value), that Herbert W. Marburger was negligent in any respect in causing the automobile accident.

3. There is no proof of any damages resulting to the plaintiffs from this accident.

■ Under Subdivision 9, supra, the burden was upon appellees to show that a crime or offense or trespass was committed in Nueces County. This was not done. Under Subdivision 9a, supra, it was necessary for appellees to prove (1) that a crime, trespass or negligence occurred in Nueces County, and (2) that such crime, trespass or negligence was that of appellants, their servant, agent or representative, acting within the scope of his employment. This the appellees have failed to do. Under Subdivision 4, supra, it was necessary for appellees to show by a preponderance of the evidence that they have a cause of action against the resident defendant. This they have not done. John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929; Deason v. Bryant, Tex.Civ.App., 263 S.W.2d 801; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ Accordingly, the judgment overruling appellants' plea of privilege is reversed and judgment here rendered sustaining such plea. This being a joint and several cause of action it is here severed, and that part relating to McShan and Yonker is transferred to Jim Wells County, and the part relating to Fry is transferred to San Patricio County. The cause of action as to Marburger shall remain in Nueces County. Rule 89, Texas Rules of Civil Procedure.

Solis v. Magnolia Petroleum Co., Tex.Civ. App., 307 S.W.2d 281; Kelley v. Central Texas Bus Lines, Inc., Tex.Civ.App., 252 S.W.2d 62.

Reversed and rendered.