John F. CLINGINGSMITH, Appellant,

v.

Frederich G. COOK, Appellee.

No. 16221.

Court of Civil Appeals of Texas.

Fort Worth.

May 19, 1961.

Lyne, Blanchette, Smith & Shelton, and Erich F. Klein, Jr., Dallas, for appellant.

Boling, Moore & Hausenfluck, and W. Barton Boling, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Appellant Clingingsmith was one of several defendants in the suit brought by appellee Cook. Appellee's suit was essentially one by which he sought to annul and cancel a note secured by a deed of trust, and to cancel the deed of trust as an encumbrance upon his title. It was appellee's theory that the defendants other than appellant "suckered" him in a stock promotion scheme with the knowledge and sanction and for the benefit of appellant as well as the other defendants, pursuant to which he was fraudulently induced to execute the note and deed of trust under circumstances which entitled him to equitable relief of cancellation alternative to which he would be entitled to damages. A prayer for damages was made alternative to his prayer for relief by way of cancellation of the instruments executed and to clear his title.

Appellee's averments (for purposes of the question before us) established claims by all defendants other than the appellant upon his title to the real estate, but did not include any allegation that appellant had ever held or claimed any interest in said title. Indeed, proof later introduced seemingly established that appellant had never held or claimed such.

Only the appellant filed a plea of privilege, the other defendants submitting to the suit in Tarrant County. Appellee filed his controverting affidavit and a hearing was had before the court, following which an order was entered overruling appellant's plea. From this an appeal was taken.

Under the aforesaid circumstances it is clear that appellee would not be entitled to hold venue of any cause of action against the appellant on the strength of exception 14 to Vernon's Ann.Tex.St. Art. 1995, for it is undisputed in the record, and even admitted by appellee, that appellant neither holds nor claims any interest in appellee's land. Smith v. Rampy, Tex. Civ.App., Amarillo, 1946, 198 S.W.2d 592, holding approved in James v. Drye, 1959, 159 Tex. 321, 320 S.W.2d 319. Neither is any circumstance shown which could lead to any proper denomination of the appellant as a "necessary party", within the purview of the term as used in the venue statutes. See McDonald, Texas Civil Practice p. 412, et seq., "Venue", Sec. 4.36 "Art. 1995 (29a) Necessary Parties".

It would only be as to that part of appellee's cause of action, alleged in the alternative to his suit for cancellation of the note and deed of trust in removal of encumbrances upon his title, that appellant could possibly be held. That *alternative* cause of action is for actual and exemplary damages because of certain acts of fraud which induced appellee to initially execute the note and deed of trust. In other words appellee charged appellant with having tortiously defrauded him, to his injury in the event he should be unable to prevail in his suit to cancel the note and deed of trust.

Appellee's right to maintain venue in the county of the suit would thus seem

based upon subdivision 7 of Art. 1995, under "Fraud and defalcation". However, appellee did not declare upon such in his controverting affidavit and there is grave doubt as to whether any construction thereof is possible in his behalf. Neither did the proof introduced upon the trial establish any act of appellant which constituted fraud. Appellee's pleadings, which we perhaps are over liberal in construing even in view of the fact that no exception was leveled thereat, aver no more than that the fraudulent misrepresentations made to him were "made with the knowledge and sanction of and for the benefit of Defendants Weaver, Clingingsmith (appellant) and Florida".

 As applied to Subdivision 9 of V.A. T.S. Art. 1995, under "Crime or trespass", coupled with Subdivision 29a "Two or more defendants", it is settled that where a defendant is sought to be held for the tort of another as to whom plaintiff may successfully maintain venue under the doctrine of *respondeat superior* it is necessary for plaintiff to allege in his controverting affidavit and prove on the hearing that the person alleged to be the agent of the other was in fact the agent and acting within the scope of his authority at time the acts of which complaint is made were committed. Moreland v. Leslie, 1942, 140 Tex. 170, 166 S.W.2d 902, answering certified questions.

Our own construction of the controverting plea in the present instance, especially since the language thereof nowhere seems to invoke the provisions of Subdivision 29a (which in itself would seem to foreclose appellee's right to maintain venue as to appellant), is that the pleadings are insufficient to aver facts which would entitle appellee to prevent a transfer of the suit. When we apply the aforementioned decision of the Supreme Court made as to Subdivisions 9 and 29a to Subdivisions 7 and 29a which are applicable to the instant case, and consider as well the state of the evidence, we have

no doubt that the trial court erred when it overruled the plea of privilege. As applied to the question to be resolved we see no reason for any distinction to be made in the Subdivisions considered, and believe that the principles decided in Moreland v. Leslie, supra, would be properly applied to the instant case, in which there was a complete want of any proof to hold the appellant under the theory of *respondeat superior*.

Judgment of the trial court is reversed and the cause of action of appellee Frederich G. Cook, as same obtains against appellant John H. Clingingsmith, is ordered transferred to the District Court of Dallas County, Texas, in which county said appellant has his residence.