James **STEGALL** and Marvin C. Keating, Appellants,

v.

Horace **LYTLE**, Appellee.

No. 13988.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 3, 1962.

Perkins, Floyd, Davis & Oden, Lawrence H. Warburton, Jr., Alice, for appellants.

Glusing & Sharpe, Kingsville, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Kleberg County, Texas, overruling the pleas of privilege of James Stegall and Marvin C. Keating to be sued in the counties of their respective residences. The trial court obviously overruled the pleas under the provisions of Subdivision 7, Article 1995, Vernon's Ann.Tex.Civ.Stats., providing in effect that a defendant can be sued out of the county of his residence in a fraud case.

■ Appellee alleged in his petition, that appellants, James Stegall and Marvin C. Keating, falsely and fraudulently represented to him in Kingsville, Kleberg County, and with intent to deceive and defraud him, that if he would agree to manage the Piggly Wiggly store in Kingsville, owned and operated by appellants, for a weekly salary of $130.00, and would leave his job with Bonham's grocery store, situated in Kingsville, to assume management of such Piggly Wiggly store, appellants would pay appellee the sum of $130.00 per week, and five per cent of the net profit realized from the operation of the said grocery store as a commission; that the Piggly Wiggly store in Kingsville would be organized as a business corporation and that appellee would be given twenty-five per cent of the stock of such corporation; that appellee would be given full management and control over the store, with the right to determine operating policy, purchases, expenditures and all other usual and ordinary functions of a manager of a grocery store. Appellee further alleged that he believed and relied upon such representations of appellants, and thereafter spent long and exhaustive hours in the management of the store, used his own automobile in the furtherance of the management of appellants' store and incurred substantial operating costs in connection with his automobile without receiving any compensation therefor from the appellants.

Appellee operated the store for appellants under the contract, receiving his weekly salary of $130.00, from April 10, 1960, to August 20, 1961, when he was advised that he was discharged. He does not offer to return to appellants what he received under the contract.

The trial court heard evidence which shows that the business was never incorporated; appellee did not receive 25% of the stock; he was not given a free hand in the management of the store, and was not paid 5% of the profits. The record shows that during the approximately sixteen months that appellee managed the store there was a loss of some $30,000.00, but appellee contends that during one of these months there was a profit and he should have received 5% of that one month's profit, notwithstanding the loss over the sixteen months.

■ These allegations and this evidence shows at most a breach of an employment contract, and does not show actionable fraud. It is not shown that any fraudulent representation was made as to a present or past fact, all of the representations or promises relied upon by appellee were made as to future events. Before a promise or representation as to a future event can be the basis of actionable fraud, it must have been made, knowing it was false and with no intention at the time, on the part of the defrauder, to carry out such promise or representation.

Appellee contends that the fact that appellants did not fulfill their promises is sufficient evidence to establish that they did not intend to do so at the time they made such promises. We do not agree. The law is to the contrary. In Latshaw v. McLean, Tex. Civ.App., 238 S.W. 1003, the Court said:

"But the whole petition shows that the suit was for damages for breach of contract. The allegations contained in the petition that the defendant entered into the contract with no intention to perform it did not add anything to the cause of action asserted. If defendant made the contract and breached it, his liability to the plaintiff for damages for such breach was just the same as if the

contract had been made with no intention to perform. Baines v. Mensing, 75 Tex. 200, 12 S.W. 984; Neal v. Barbee (Tex.Civ.App.), 185 S.W. 1059; Oakes & Witt v. Thompson, 58 Tex. Civ.App. 364, 125 S.W. 320; McLaughlin v. Shannon, 3 Tex.Civ.App. 136, 22 S.W. 117; Sheffield v. Rousey, (Tex. Civ.App.), 153 S.W. 653; Dowell v. Long (Tex.Civ.App.), 219 S.W. 560." Johnston v. Bracht, Tex.Civ.App., 237 S.W. 2d 364, and Powell v. Goldsmith, Tex.Civ. App,. 164 S.W.2d 45, are to the same effect.

■ Appellee is endeavoring to maintain venue in Kleberg County upon the ground that an actionable fraud was perpetrated upon him in that county. The burden was upon him to not only allege but to prove by evidence, that such actionable fraud was committed in Kleberg County, and that such fraud is the gist of his suit. Here, at most, he shows a breach of contract. Roddy v. Denton County, Tex.Civ.App., 280 S.W.2d 793; Western Irr. Co. v. Reeves County Land Co., Tex.Civ.App., 231 S.W.2d 1011; Slaughter v. Oakes, Tex.Civ.App., 203 S.W. 405.

The trial court erred in overruling appellants' pleas of privilege. The judgment is reversed and judgment here rendered transferring the cause of action against James Stegall to the District Court of Jim Wells County, and the cause of action against Marvin C. Keating to the District Court of Bexar County, Texas. The District Clerk will make the transfer in the manner provided in Rule 89, Texas Rules of Civil Procedure.

If appellee did not desire to have his cause of action split into two causes, he could have filed suit in either Jim Wells or Bexar County, where he might have sustained venue under Subd. 4 of Art. 1995, Vernon's Tex. Civ.Stats. This he did not do and this Court cannot do it for him on this appeal. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65; Fry v. Alaniz, Tex.Civ.App., 329 S.W.2d 133; Solis v. Magnolia Petroleum Co., Tex.

Civ.App., 307 S.W.2d 281; Kelley v. Central Tex. Bus Lines, Inc., Tex.Civ.App., 252 S.W.2d 62; Rutledge v. Evans, Tex.Civ. App., 219 S.W. 218.

Reversed and rendered.