AMERICAN CAPITOL INSURANCE COM-
PANY et al., Appellants,

v.

Vernon BAUGH, Appellee.

No. 4597.

Court of Civil Appeals of Texas.

Waco.

May 11, 1967.

Mac L. Bennett, Jr., Normangee, Broady, Kells & Rorschach, Houston, for appellant.

Roger Knight, Jr., Madisonville, for appellee.

OPINION

TIREY, Justice.

This is an appeal from an order overruling plea of privilege of each of the defendants to be sued in the counties of their respective residences. Defendants, American Capitol Insurance Company, a corporation, Fred Armstrong, Jr., Richard Parrish, and Bill Sartain were resident citizens of Harris County, Texas. Defendant, Doyel Chandler's residence was in Jasper County, Texas. The case was tried without the aid of a jury. The court overruled each of the pleas of privilege. There was no request for findings of fact and conclusions of law, and none were filed. Plaintiff seasonably filed his controverting affidavit to the pleas of privilege and made his original petition a part of the controverting plea. The controverting affidavit alleged that the District Court of Madison County had venue of this cause under the provisions of Subdivisions 7, 28 and 28a of Article 1995, Revised Civil Statutes of the State of Texas. (On trial, plaintiff stipulated that subdivisions 28 and 28a did not apply). We overruled this contention and REVERSE and RENDER this cause with instructions.

In plaintiff's controverting affidavit we find the following statement:

"Plaintiff's Original Petition further avers and is true and correct that on or about September 1, 1964, defendant Doyel Chandler, acting individually and in the scope of his authority as an agent of defendant company, initiated a course of action designed to induce plaintiff to become an agent of defendant company. It is further alleged, and same is true and correct, that on or about May 1, 1965, defendant Chandler, acting individually

and in the scope of his authority as an agent of defendant company, made certain representations that were not true in whole or in part, and induced plaintiff to enter into a contract with defendant company. In furtherance of defendant company's program of recruiting plaintiff as its agent, defendant Chandler repeated said false representations and urged plaintiff to attend a series of lectures to be held in Houston, Harris County, Texas, on May 2 and 3, 1965."

In plaintiff's original petition he alleged that beginning on or about September 1, 1964, Chandler, acting individually and in the scope of his authority as agent of defendant company, initiated a course of action designed to induce plaintiff to become an agent of the company. That these representations were made in Madison County. It further alleged:

"* * * Defendant Chandler and Defendant Company would give Plaintiff a guaranteed draw of $1,000.00 per month, reimburse Plaintiff's telephone expenses incurred in selling insurance for Defendant Company, and service in a reasonable, businesslike manner all policyholders to whom Plaintiff should sell Defendant Company's policies."

■ The original petition further alleged that on or about May 1, 1965, he entered into a contract with Chandler and the company in reliance upon their representations and opened an insurance office in Madisonville in Madison County, Texas. The contract tendered in evidence is dated May 27, 1965. That contract provides in effect that all sums that become due and payable to plaintiff under the terms of the contract shall be payable in Houston, Harris County, Texas; it further provides for first year commissions on various types of policies, and also for renewal commissions from second to tenth year. There is no allegation in the petition nor in the controverting affidavit that plaintiff went to work for the defendant insurance company prior to the time that

he executed the contract of May 27, 1965. There is no allegation as to the amount of the policies he wrote nor the commissions he earned by virtue of the terms of the contract. There is nothing in the contract tendered in evidence that defendants "would give plaintiff a guaranteed draw of $1,000.00 per month, * * *." (There is proof that he worked about ten months.) There is no allegation in the controverting affidavit nor in the original petition that there was any mistake or fraud in the drawing and execution of the contract, and there is no proof tendered as to the amount of insurance plaintiff wrote under the terms of his contract, and there is no proof that defendant, Chandler, was acting other than in the scope of his authority as a general agent of the company. Needless to say absent an allegation of mistake or fraud plaintiff could not change the terms of the contract by parol.

■ Appellants assail the judgment on what they assert as five points. They tender substantially one point, and that is that actionable fraud is not alleged and is not shown in this cause. We sustain this view. Since plaintiff's services were rendered to the insurance company under a written contract, and since plaintiff has failed to allege and prove that defendant insurance company violated any of the provisions of the written contract between it and plaintiff, we see nothing in the proof that brings this asserted cause of action within the provisions of Subd. No. 7 of Article 1995, R.C.S., aforesaid. Defendant Chandler's plea of privilege is sustained, and the cause of action as to him is transferred to the District Court of Jasper County. The cause of action against defendants, American Capitol Insurance Company, a corporation, Richard Parrish, A. Fred Armstrong, Jr., and Bill Sartain, each being residents of Harris County, their respective pleas of privilege are sustained and the cause of action asserted against each is transferred to the District Court of Harris County, Texas.

All costs incurred in the court below and all costs incurred here to date are taxed against plaintiff and the District Clerk of Madison County, Texas, is directed to make transcript of all the orders made and entered in said cause pursuant to the provisions of Rule 89, Texas Rules of Civil Procedure, and send same to the District Clerks of Harris County and Jasper County.

Reversed and rendered with instructions. See Stegall and Keating v. Lytle, Tex.Civ. App., 360 S.W.2d 898, (n. w. h.).