Guy MORGAN et al., Appellants,

v.

Lesla BOX et al., Appellees.

No. 17338.

Court of Civil Appeals of Texas.

Dallas.

Dec. 5, 1969.

**500**

James E. Coleman, Jr., Carrington, Johnson & Stephens, John Emmett, Dallas, for appellants.

Roland Boyd, Boyd, Veigel & Gay, McKinney, for appellees.

CLAUDE WILLIAMS, Justice.

This is an appeal from a judgment of the District Court of Collin County overruling appellants' pleas of privilege. The action was instituted by Lesla Box and Harry B. Elder, as plaintiffs, against Guy Morgan, Ed F. Morgan, McKinney Building Corporation and M P-Morgan Portable Buildings, Inc. (hereinafter referred to as M P), as defendants. Plaintiffs sued both in their individual capacity and also in a derivative action for the use and benefit of McKinney Building Corporation, and all shareholders similarly situated. Plaintiffs' prayer for relief was for an accounting of the affairs of McKinney Building Corporation; for possession of described property from M P; for an appointment of a receiver for McKinney Building Corporation; for money damages against Guy and Ed F. Morgan, and for reasonable attorney's fees.

All defendants timely filed their pleas of privilege. M P sought to have the suit as to it transferred to Jefferson County, Texas, the county of its residence, and the other defendants sought to remove the case to Dallas County. Plaintiffs filed a controverting plea against the pleas of privilege of all defendants in which it was contended that the cause of action against all was properly maintainable in Collin County perforce the provisions of subdivisions 7, 14 and 23 of Art. 1995, Vernon's Ann.Civ. St. of Texas.* Hearing was held before the court, without a jury, and following presentation of the evidence the trial court overruled all pleas of privilege. From this order all parties defendant perfected an appeal.

Before beginning consideration of appellants' points of error we deem it essential and desirable to briefly summarize the material allegations contained in appellees' petition and also to set forth a brief synopsis of the testimony offered in an effort to overcome appellants' challenge to venue.

The petition is in two counts. In Count I it was alleged that about December 1965 Guy Morgan and Ed F. Morgan contacted Lesla Box and began discussions with him concerning the possibility of starting a plant in McKinney, Texas for the construction and sale of portable buildings. It was alleged that thereafter, during the month of December 1965, Guy Morgan came to McKinney and contacted Box and Elder to complete plans for getting the business started. It was charged that the agreement was entered into whereby the business would be formed in the nature of an incorporation to be known as McKinney Building Corporation and the shares of stock divided between the parties; that Box and wife would convey the lots to the corporation to be formed and upon which the physical plant would be constructed. It was further agreed that Box was to operate the plant, as manager, for a salary of $800 per month, plus thirty per cent of the profits, and it was charged that there would be no management fees. It was pled that the corporation was formed in the early part of 1966 and in January 1966 Box, as manager, started the building of the warehouse on the lots in question which was soon completed and the construction and production of portable buildings was started by the business. It was alleged that the business proceeded in a very satisfactory manner under the management of Box; that such business was profitable and enjoyed a good reputation until on or about the first of August, 1966 when Guy Morgan decided to bring the business to an end and relieve Box of his position as manager and stop paying the $800 per month salary. Plaintiffs charged that when the operations were brought to a stop there was considerable corporation-owned property on hand consisting of raw materials, money in the bank, furniture and fixtures, etc. They said that while both Morgans were waiting to carry out their formed plans to stop the salary of Box, and get rid of him, another corporation

* All statutes hereinafter cited are Vernon's Annotated Civil Statutes of Texas, unless otherwise indicated.

was organized by G. H. Morgan, father of Guy and Ed Morgan, said corporation being formed on September 1, 1966 under the name of M P-Morgan Portable Buildings, Inc. Plaintiffs alleged that this new corporation was used to get the assets of the McKinney Building Corporation and to "squeeze out these Plaintiffs as shareholders therein." They said that on or about August 31, 1966 Ed F. Morgan called a meeting of the shareholders while Box was in his office in Dallas; that such meeting was held and a pretended disposal was made of all assets of the McKinney Building Corporation to M P. Plaintiffs charged that Ed F. Morgan promised on said occasion to render an accounting of all the property but that such accounting had not been carried out. It was related that after the Dallas stockholders' meeting the Morgans transferred and delivered all of the property formerly owned by McKinney Building Corporation to M P, which company had continually operated the business until the time of the filing of the petition. Plaintiffs claimed that such action constituted a conversion of the property without accounting made to plaintiffs or any other stockholders. It was charged that Guy Morgan and Ed F. Morgan "breached their duty of loyalty" to said McKinney Building Corporation by delivering said property to said M P; that they sought to abscond with the corporate property of McKinney Building Corporation and dissipate its assets and wreck its business; that they mismanaged the affairs of McKinney Building Corporation so as to depreciate the value of shares owned by plaintiffs and that the "whole transaction was neither fair, reasonable, nor for an adequate consideration." Plaintiffs alleged that even though Box was present and took part in the stockholders' meeting, the oral agreement to transfer the property from one corporation to the other was not fair and should be held void. It was then alleged that "the whole organization and operation of this business from the beginning was a scheme and was a plan and effort of said Guy Morgan and Ed F. Morgan to get possession of said lots, improvements thereon, and business of portable house building and to eliminate these Plaintiffs from such business, * * *." Plaintiffs then say that: "All of this constitutes fraud on these Plaintiffs which was committed against these Defendants (sic.) in McKinney, Collin County, Texas, and also where Plaintiffs' cause of action or a part thereof, arose against all of said Defendants." In Count 2 of the petition plaintiffs allege that they bring suit as a deriviative action for the use and benefit of all shareholders, similarly situated. They reurge the same allegations as previously outlined and charge that M P should surrender lots, warehouses and premises to said McKinney Building Corporation and should account for all personal property that said corporation had taken from the McKinney Building Corporation.

The testimony adduced at the trial came primarily from Lesla Box and Guy Morgan. Box testified that following some preliminary negotiations Mr. Guy Morgan came to McKinney during the month of December 1965 and conferred with him and Elder about entering into an agreement to go into business together selling portable buildings. He said that when Morgan got to his place in McKinney that he needed to get somewhere where he wouldn't be bothered with telephones so he and Elder and Morgan got in the car and drove to Pecan Grove Cemetery where the conference was held. In that conference it was verbally agreed that Box would get the lots, owned by him and his wife, covered with gravel and made ready for the business; that a corporation would be formed and called McKinney Building Corporation having a capital stock of 10,000 shares valued at $1.00 per share. Of this amount Box was to receive 3,000 shares and Elder 1,000 shares. It was agreed that Box was to be manager of the corporation and paid $800 per month salary, plus thirty per cent of the profits. Concerning management fees he testified that the question was raised and in this connection he testified: "Yes, sir, that question was asked—

well, the fact of the business, I asked that question before I ever agreed to anything, for the fact that if we were to go have to pay a management fee and starting on a shoestring or what I would say a small business, we couldn't pay a management fee or pay a big management fee."

After the oral agreement had been made at Pecan Grove Cemetery the corporation was formed in January 1966. The principal place of the corporation was in Dallas where the Morgans lived and had an office. Box and his wife deeded the lots to the McKinney Building Corporation and a warehouse was started and completed on the lots early in 1966. The business progressed very nicely and he received his salary of $800 per month, pursuant to the agreement. He admitted that there was no agreement concerning the length of his employment as manager. Concerning financial statements of the business Box testified that he was given an accounting in April and May which showed profits. Box testified that somewhere in May or June the Morgans asked him if he would go back into sales and hire another man to replace him since the sales were not doing what they thought they should do. He said he agreed to change from plant manager over to sales and about the first of August the Morgans told him that they wouldn't pay any more salary, that he would be strictly on a commission. This he was unwilling to do.

Box said that during the life of McKinney Building Corporation it did not have its own accounting office and that all of the accounting was handled through the Morgans' Dallas office, which was known as Morgan-Dallas Corporation. The bills of the corporation were handled through the Dallas office but when McKinney Building Corporation got a bill for management fees it was then that Box refused to agree to same.

About the first of August 1966 Guy Morgan called him and advised that they were changing up the plant and were wanting to turn it over to M P, a new corporation that had been formed by the Morgans. He was told that he would not be on a salary with the new corporation. Following that telephone conversation, and some time in August, Box went to Dallas and had a meeting with Guy and Ed Morgan in which the question of disposal of the stocks and raw materials and buildings owned by McKinney Building Corporation would be transferred to the new corporation. It was discussed at that meeting that McKinney Building Corporation had been losing money and that a change was required. At that time a stockholders' meeting was had and he agreed to authorize Mr. Morgan, as president of McKinney Building Corporation, to dispose of all of the assets of McKinney Building Corporation to M P. The minutes of the corporation reflect this action. It was his testimony that he did agree to the transfer of property but that he was forced to do so because "I had no other way out." Upon further being questioned he admitted that he was not forced to sign the agreement.

Mr. Guy Morgan testified concerning the oral agreement that had been entered into between the parties at Pecan Grove Cemetery and said that the contract had been carried out, as agreed. He testified that Morgan-Dallas Corporation handled all of the affairs of the McKinney Building Corporation and charged a management fee for such services which, he contended, was reasonable and customary. He also testified concerning the creation of M P and the transfer of the assets, as related by Box. He testified that title to the property which was conveyed to McKinney Building Corporation by Lesla Box is still in the McKinney Building Corporation and that he personally claimed no interest in the property. He also testified that his brother did not claim any interest in the property.

M P filed a written disclaimer to any right of possession, use or enjoyment of any of the real property involved in this litigation.

## APPEAL OF GUY MORGAN, ED F. MORGAN, AND McKINNEY BUILDING CORPORATION.

By their first five points of appeal these appellants contend that the trial court erred in overruling their pleas of privilege because (1) appellees failed to allege actionable fraud within the meaning of subdivision 7, Art. 1995; (2) that there was no evidence, or the evidence was insufficient, to demonstrate fraud committed by these appellants; (3) that appellees failed to prove that fraud was the gist of their lawsuit; and (4) that appellees failed to prove that any fraud was committed by these appellants in Collin County, Texas.

█ In order to overcome a plea of privilege by implementing the express exception contained in subdivision 7, Art. 1995, it is elementary that appellees were cast with the burden of not only pleading but proving by a preponderance of the evidence every constituent element of a cause of action for fraud. In Sanders v. Select Ins. Co., 406 S.W.2d 937, 939 (Tex.Civ. App., Dallas 1966, no writ), we repeated the necessary elements of actionable fraud, which are: (1) a false representation made or uttered by the party charged; (2) the reliance thereupon; (3) action in reliance thereon; and (4) damage to the party defrauded resulting from such fraud or misrepresentation. These elements relate to alleged fraudulent statements concerning an existing fact. Where the statements said to have been fraudulent are in the nature of a promise of an act to be performed in the future such statement cannot be legally said to be a fraudulent misrepresentation unless it is alleged and proved that at the time the statement or promise was made the person making same did not intend to perform it. Precision Motors v. Cornish, 413 S.W.2d 752 (Tex.Civ.App., Dallas 1967). As Chief Justice Dixon said, in speaking for the court in Cornish, the burden was on Cornish to prove such intent and that the mere failure to perform a promise is not of itself evidence of intent not to perform. He further pointed out

that such failure might, under some circumstances, serve as a basis for a suit for a breach of contract, but in the absence of intent not to perform it does not constitute fraud. Abundant authority is cited in Cornish to support this proposition.

█ Subdivision 7 of Art. 1995 is only applicable where the cause of action is clearly based upon fraud and has no application where fraud is merely incidental to the main cause of action. Sowell v. Weisinger, 228 S.W.2d 574 (Tex.Civ.App., Beaumont 1949, no writ); Roddy v. Denton County, 280 S.W.2d 793 (Tex.Civ.App., Fort Worth 1955, writ dism'd); and Stegall v. Lytle, 360 S.W.2d 898 (Tex.Civ. App., San Antonio 1962, no writ).

█ We have made a careful exegesis of appellees' lengthy petition and, having done so, we agree with appellants that appellees have failed to properly allege an actionable case of fraud within the meaning of subdivision 7, Art. 1995. Nowhere is it alleged that appellants, and especially Guy Morgan, made or uttered any false statements or representations, either concerning a present fact or a future promise. A careful analysis of the pleading reveals that the terms "fraudulently", "fraudulent", and "fraud" are used sparingly and only generally in relating to actions and conduct on the part of appellants. Moreover, nowhere is it alleged that any of the appellants made a statement or promise concerning something in the future knowing at the time it was made that it was not true and that they had no intention or purpose to comply with such statement. These essential allegations are completely absent from the petition. While the statements concerning fraud are made in a few places in the petition they amount to nothing more than characterizations and opinions and conclusions of the pleader. Our Supreme Court in the early case of Baines v. Mensing, 75 Tex. 200, 12 S.W. 984 (1889) said that: "Merely to characterize an act as fraudulent does not make it a good allegation of fraud. * * * No amount of

mere denunciation of it as a fraud could make it so."

■ We also agree with appellants that an examination of the pleading reveals that the main thrust of appellees' lawsuit is not that in fraud but is clearly a suit for accounting; appointment of a receiver; and an action for damages for breach of contract. If it could possibly be said that fraud be in the pleading it could only be incidental to the main purpose of the action.

There is an entire absence of probative evidence of actionable fraud chargeable to any of the appellants. Box's testimony is clear and explicit to the effect that each of the things agreed upon between the parties was done and carried out. He does present a question of whether a management fee was properly charged McKinney Building Corporation. Box does not say that Morgan made any false statements nor does he present any evidence that any statement made by Morgan was made with intent not to perform. To the contrary Box admits that the principal parts of the agreement were performed and continued until several months later when a change in the business operation took place.

■ Moreover, it is well settled that to implement subdivision 7, Art. 1995, it is essential to prove that such actionable fraud was committed against the defrauded party in the county where the action is brought. While we have held that there was no evidence in this record of actionable fraud against these appellants, yet, assuming, without admitting, that actionable fraud was demonstrated appellees wholly failed to bring forward any evidence that Pecan Grove Cemetery, the place where the agreement was entered into, was in Collin County, Texas.

For these reasons we sustain appellants' points 1 through 5, inclusive.

By their points 6, 7 and 8 these appellants contend that the trial court erred in overruling their pleas of privilege based upon subdivision 14, of Art. 1995, because (1) appellees sought no relief against these appellants for recovery of land; (2) because appellees failed to prove they had a cause of action for the recovery of land against these appellants; and (3) appellees' claim for recovery of land is incidental to the main character of their lawsuit and is not therefore a suit for the recovery of land within the meaning of the exception.

■■ It is, of course, true that a petition must be viewed as a whole in order to determine the real character of the lawsuit. This is especially true when we consider the question presented by subdivision 14. An examination of the petition clearly shows that the inclusion of an action for the recovery of land is only incidental to the main character of the lawsuit and does not change the character thereof to one for the recovery of land within the meaning of subdivision 14. The real thrust or import of the suit, as discussed in connection with the preceding points, is one for accounting, appointment of a receiver, damages and attorney's fees. Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944 (1942); Phillips Petroleum Co. v. Mecom, 375 S.W.2d 335 (Tex.Civ.App., Austin 1964, no writ); and Milburn v. Minette, 278 S.W.2d 269 (Tex.Civ.App., El Paso 1955, no writ).

■ Also, in construing subdivision 14, the courts have uniformly held that the exception is not good where the record affirmatively shows that the party asserting the plea of privilege does not claim any interest in the land which is the subject of the suit. Dossey v. Oehler, 359 S.W.2d 624 (Tex.Civ.App., Eastland 1962, writ ref'd n. r. e.); Clingingsmith v. Cook, 347 S.W.2d 279 (Tex.Civ.App., Fort Worth 1961, no writ); and James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959). Appellees' petition reveals that they seek to recover the land on behalf of McKinney Building Corporation from M P. In paragraph 16 of the petition it is alleged: "Plaintiffs say that the said M P * * * should surrender said lot, warehouses and premises to said McKinney Building Corp.

* * *." In their prayer for relief they say that: "Plaintiffs recover for themselves and/or said corporation, from said M P-Morgan Portable Building, Inc., possession of said lots * * *." Box testified at the hearing that as far as he knew the defendant M P had never made any claim to the land nor had the defendants Morgan. We therefore hold that there is no evidence in this record to support a cause of action for the "recovery of land" as contemplated by subdivision 14, as against these appellants. Appellants' points 6, 7 and 8 are sustained.

By their points 9 and 10 these appellants contend that the trial court erred in overruling their pleas of privilege because appellees failed to allege and prove that they had a cause of action against a private corporation within the meaning of subdivision 23, of Art. 1995, and also because the appellant McKinney Building Corporation was really the actual party plaintiff and not a party defendant within the meaning of the subdivision in question.

The exception to the statute, subdivision 23, provides that suits *against a private corporation* may be brought in the county in which the cause of action or part thereof arose. To implement this exception it is essential that a cause of action be asserted *against* a private corporation and that it arise, in whole or in part, in the county where the suit is instituted. A careful examination of the pleadings, as well as the proof in this case, demonstrates that appellees have not asserted a cause of action against McKinney Building Corporation but, to the contrary, it is quite evident that any such cause of action asserted is for the benefit of McKinney Building Corporation. Repeatedly allegations are made against the appellants Guy and Ed Morgan concerning what they are alleged to have done to the detriment and damage of McKinney Building Corporation and appellees seek redress of these grievances for the benefit of the corporation. Appellees, in paragraph 1 of their petition, state that: "Said corporation is made a formal Defendant for the reasons hereinafter alleged." Moreover, in paragraph 13 of Count 2 they state: "Since the cause of action belongs to the Corporation, it is the real party at interest. It is necessary to formally make the McKinney Building Corp. a Defendant because it is under the control of Defendants, Morgans, who are charged with the wrongs complained of and they have refused to act."

The situation is somewhat similar to Glens Falls Indemnity Co. v. Sterling, 213 S.W.2d 858 (Tex.Civ.App., Dallas 1948, mandamus overruled), where we said:

"Our courts have uniformly held in analogous cases that parties who are actually plaintiffs in fact cannot be made defendants to an action for the evident purpose of fixing venue. 'In authorizing a suit in the county of the residence of one of the defendants, the statute "contemplates a real defendant, and one against whom the plaintiff has a cause of action." It is the actual position of the parties that determines their status; an artificial designation of a party plaintiff as a defendant gives no right to fix the venue in the county of his residence as against defendants residing in another county. Nor is a person who has refused to join as a party plaintiff a "defendant" in the sense in which that term is used in the venue statutes."

Accordingly, we sustain appellants' points 9 and 10.

## APPEAL OF M P-MORGAN PORTABLE BUILDINGS, INC.

This appellant, in three points of error, contends that the trial court erred in overruling its plea of privilege for the reason that appellees failed to prove the application of either subdivision 7, 14 or 23 of Art. 1995. We agree with appellant and sustain all three points.

As to the exception relating to fraud we find no allegations in appellees' petition which charge this appellant corporation with having committed the essential ele-

ments of actionable fraud. To sustain venue under this exception it would be incumbent upon appellees to prove that appellant M P actually committed a fraud against appellees and that such was committed in the county in which the suit was instituted. 1 McDonald, Texas Civil Practice, 465–466 (Rev.Vol.1965). Any possible fraud claimed by appellees must have flowed from an alleged oral agreement between them and Guy Morgan, such agreement having been entered into at Pecan Grove Cemetery in December 1965. Appellant M P could not have been a party to that agreement for the simple reason that it was not formed until December 1966. Moreover, as pointed out in connection with our discussion of points by other appellants, the record fails to disclose evidence of any fraud whatsoever against anyone.

 As to the claimed exception pursuant to subdivision 14, such is obviously not applicable here for the reason that appellant M P makes no claim to the real property involved. The record is without dispute that M P has filed a disclaimer of interest in the real property situated in Collin County. Absent a claim to the real property in question the exception to the venue statute is not applicable. Clingingsmith v. Cook, 347 S.W.2d 279 (Tex.Civ. App., Fort Worth 1961, no writ) and James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

 As to the applicability of subdivision 23 we find that appellees have wholly failed to prove by competent evidence a cause of action against this appellant corporation which arose, in whole or in part, in Collin County, Texas. As pointed out above there is no proof of actionable fraud against this corporation nor is there cause of action for the recovery of lands. Appellees do make certain allegations in their petition concerning personal properties being transferred by McKinney Building Corporation to M P but we find no proof

that such transfer was wrongful. Box also admitted that, if personal property had been transferred to M P by McKinney Building Corporation, he had agreed to that transaction in Dallas on August 31, 1966.

## MOTION TO REMAND

 Appellees present to us a motion to remand in which they contend that if we should find that there was an insufficiency in their pleadings and proof that we should reverse and remand this appeal to the district court so that pleadings may be amended and additional proof tendered. We do not feel that this is a case for the application of the rule which permits remand of such cases for further hearing in the district court. This rule is applicable in those instances where it is obvious that the case has not been fully developed or that the ends of justice will be better served by causing the same to be sent back to the district court for further proceedings. In the case before us it appears that appellees have had ample opportunity to completely present any and all testimony in support of their contentions. The case proceeded to trial on October 11, 1968 and was recessed until November 15, 1968 and again recessed until December 13, 1968. Judgment was not entered until April 18, 1969. We think that appellees' motion to remand should be overruled.

As to appellants Ed F. and Guy H. Morgan and McKinney Building Corporation the judgment of the trial court is reversed and judgment here rendered transferring the cause of action as to such appellants to a district court of Dallas County, Texas.

As to appellant M P-Morgan Portable Buildings, Inc., the judgment of the trial court is reversed and judgment here rendered transferring the cause of action as to such appellant to a district court of Jefferson County, Texas.

Reversed and rendered.